OCTOBER TERM, 1918. 383

Redd & Thompson v. Am. Cent. Life Ins. Co.

HARRY T. REDD and BELLE THOMPSON, Respondents, v. AMERICAN CENTRAL LIFE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, December 2, 1918.

1. **LIFE INSURANCE: Active Service in Army: Permission to Enter Service.** Because an application for an insurance policy provides that active service in the army in time of war shall invalidate the contract unless a permit be given, and the policy provides that death in service in war without permission the full reserve only shall be paid, does not bar full recovery on such policy in the event of the death of the insured while in a military training camp thousands of miles from the scene of hostilities, for the reason that the insured while thus engaged was not in "active service" in the army.

2. ———: ———: **Definition of.** "Active service" in a military sense means the performance of duty against an enemy or operations carried on in his presence in time of war and one in a training camp in this country during the war in Europe was not engaged in "active service" as thus defined.

3. ———: **Application for.** An application for a policy of life insurance must be construed most favorably to the insured.

Appeal from Cooper Circuit Court.—*Hon. Jack G. Slate,* Judge.

AFFIRMED.

*George F. Longan* and *B. B. Welliver* for appellant.

*W. W. Kingsbury* and *Roy D. Williams* for respondents.

BLAND, J.—Plaintiffs were beneficiaries under a policy of life insurance written upon the life of Roy W. Redd. The application for the insurance provided,
   "That active service in the army or navy, in time of war, shall invalidate said contract of insurance, unless a permit for such service shall have been applied

for in writing and endorsed upon the policy by the Company, and such extra premium paid therefor upon notification as the then Rules of the Company may provide.''

The policy provided.

''In case of death from service in war without permission from the Company, the full reserve for this policy at the time of such death only will be paid.''

The agreed statement of facts recites,

''That insured enlisted in time of war on November 28, 1917, at Jefferson Barracks, Missouri, as private, Medical Department, Section 3, Medical Officer's Training Camp, unassigned, for the term of ''The Emergency;'' that he was registered under the Selective Service Law in Blackwater, Cooper County, Missouri, that thereafter he was sent· by the military authorities to Camp Funston, Ft. Riley, Kansas, where he died of pneumonia, while in service as aforesaid.''

No permission was given the insured by the defendant to enter military service. Other than this policy of insurance the insured had ten thousand dollar War Risk insurance with the United States Government.

Defendant tendered to plaintiffs the full reserve for the policy at the time of the insured's death but plaintiffs refused the same. The court entered judgment in favor of plaintiffs for the face value of the policy, and defendant has appealed.

It is defendant's contention that the insurance was void, except as to the reserve, for the reason that the insured, as defendant claims, entered active service in the army in time of war without its permission. A determination of what active service means in a military sense disposes of this case.

Defendant does not seem to draw any distinction between service in the army and *active* service therein. We believe that one has entered the service of the army when he has passed the examinations, taken the oath, been enrolled and has subjected himself to the orders of the military. [See Welts v. Ins. Co., 48 N. Y. 34.]

It is therefore apparent that insured had entered service in the army at the time of his death. However, we believe that there is a distinction between service, in the army and *active* service therein. The application and policy must be construed favorably to the insured. We think that the word "active" would not have been inserted by defendant in the application were it not intended that it be given some meaning. In fact, the words, "active service" in a military sense have a well defined meaning. The New Standard Dictionary defines active service in a military sense as "(1)  In garrison or at sea in time of peace; (2) Before an enemy in time of war." The New Century Dictionary, Vol. 4, p. 62, defines it, "Active service (Milit.): (1) The performance of duty against an enemy, or operations carried on in his presence." The kind of active service that we are dealing with is, according to the policy, such service "in time of war." Is one who has entered a military training camp and is there in course of training in the medical department of the army, thousands of miles from the scene of hostilities, to be regarded as in active service in the army in time of war? We think not. Such a person is certainly not "before an enemy in time of war," or engaged in "operations carried on in his presence," nor is he in "the performance of duty against an enemy."

The policy provides that in order that defendant may not be liable for the full value of the policy, death must be from service in war. This provision taken in connection with that in the application shows that the application and policy mean that the service mentioned was, to be in operations by which war is carried on before the enemy, that is, the service one renders when engaged or assisting in actual hostilities.

In view of the foregoing construction placed upon the application and the policy, the insured had not entered active service in the army in time of war when he died, and plaintiffs are entitled to recover the full value of the policy.

200 M. A.—25

The judgment, therefore, will be affirmed and it is so ordered. *Trimble, J.,* concurs; *Ellison, P. J.,* dissents in a separate opinion.

ELLISON, P. J.—I find myself not in accord with much that is said in the opinion of the majority. One may be in the active service in the army or navy, though he may be in what may be called the non-combatant branch of that service. He is in active service on board a battleship as pilot, fireman and many other capacities. He is in active service in the army, though he is a surgeon, civil engineer or commissary and many other capacities. Indeed any enlisted soldier or sailor, sworn into the service, in time of war and subject to orders, is in active service; unless, perhaps, he be temporarily out by being a prisoner of war and the like. To carry the phrase "active service," to the extent that was suggested at the argument would require the soldier to be in actual combat, and would strain its meaning to the point of absurdity.

The application and policy should be construed together and each given some effect, if it can be done in reason. Thus read and construed, the meaning would be that if the assured enters military or naval service in time of war without permission of the company, it invalidates the policy, even if he dies when not in the service, or wherever and under whatever condition, or from whatever cause, he may die, save one; and that is, "in case of death from service in war," the policy would be valid for the reserve.

Defendant tendered the full amount of the reserve and that was a concession that deceased died "from service in war," and that should have been the judgment.