EDGAR L. HEREFORD, Respondant, MYSTIC
WORKERS OF THE WORLD, Appellant.

Kansas City Court of Appeals, December 2, 1918.

1. FRATERNAL BENEFICIARY ASSOCIATIONS: Medical Examiner:
Waiver of Warranties. Where the constitution and by-laws of a
Fraternal Beneficiary Association disclose that the local or sub-
ordinate lodges have not jurisdiction over the local medical ex-
aminers in the matter of taking and filling out applications for
insurance and no power to appoint or to discharge them, such ex-
aminers are not subordinate officers of subordinate lodges, but are
agents of the Supreme bodies and as such could waive warranties
contained in applications for insurance, notwithstanding section
22, Laws 1911, page 292.

2. ————: Warranties: Waiver of. Where the medical examiner of
a fraternal beneficiary association is an agent of the Supreme
body and also, for many years, the family physician of an ap-
plicant for insurance, and knew as much about the ap-
plicant's physical condition as she did herself, a warranty in the
application that she never had bronchitis, when in fact she had
been afflicted with such ailment for a number of years, was waived.

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird*,
Judge.

AFFIRMED.

*D. C. Chastain, Geo. R. Allen* and *C. A. Denton* for
appellant.

*Silvers & Silvers* for respondent.

BLAND, J.—Plaintiff is the beneficiary in a policy
of insurance issued by the defendant, a fraternal bene-
ficiary association. The insured died and defendant
refused to pay the policy. Plaintiff brought this suit
for the face value of the policy and, having recovered
a verdict and judgment, defendant has appealed.

The suit was defended on the ground that the
insured made false representations as to her health

in the application for the insurance. In this application, which she signed, the insured warranted that the answers made by her were fully complete and literally true, and that if the answers were not literally true the certificate issued to her should. be void. The constitution and by-laws of the defendant provided that if the insured made any false representations as to her health in her application the. insurance should be void. The application stated that the insured had never had bronchititis, habitual cough, tuberculosis, or any disease of the urinary organs. The proof of death showed that the insured had suffered from chronic bronchitis more or less for fifteen years; that the immediate cause of her death was a weak heart and bronchial trouble; that the heart trouble had existed for a few weeks only, but the bronchitis for fifteen years.

To meet this situation plaintiff proved that the examining physician had been insured's physician for a number of years. The doctor testified that she could not have concealed anything from him as to her physical condition "within the last sixteen to twenty years," because he had been the family physician and knew as much about her as she did herself. The doctor further testified that he filled in the answers contained in the application, and that "I don't think she attempted to conceal from me her physical condition or mislead me." There is no dispute but that the physician who made out the application for the insurance and who filled in the blanks and signed the application as medical examiner was the agent of the defendant. Plaintiff says that on account of these facts the defendant waived the warranties made in the application. Defendant urges that in view of the statutes of Missouri, Laws of 1911, section 22, p. 292, and the Constitution and by-laws of the defendant, the examining physician could not waive this matter. Said statutes provide as follows:

"The constitution and laws of the society may provide that no subordinate body, nor any of its subordinate officers or members shall have the power (s) or authority to waive any of the provisions of the laws

and constitution of the society, and the same shall be binding on the society and each member thereof and on all beneficiaries of members.''

Said constitution and by-laws reads as follows:

''No power or authority shall·vest in any Supreme Officer, or in any Subordinate Lodge or any Officer, or member thereof, to waive or suspend any of the provisions of the Laws of the Order, nor shall any of the acts of any such Officer, Lodge or Member, be held taken or considered as a waiver of any of the Laws, rules or regulations of the Order.''

The statute quoted authorizes the defendant to enact the regulation or by-law mentioned except that the statute does not permit the company to avoid·a waiver made by one of its supreme officers. The question for determination is whether the examining physician in this case was·a subordinate officer of one of defendant's subordinate lodges.

The laws of the order provide that the supreme officers of the lodge should consist of various officers including a supreme medical examiner, but they do not provide that the local medical examiner shall be such an officer. However, they provide that the supreme medical examiner shall appoint all local medical examiners; that the supreme examiner shall look into the qualifications of all persons applying for the appointment of local medical examiner as to whether such a person's habits and character are good; that all applications for membership must be submitted to the supreme medical examiner before any beneficiary certificate is issued or becomes valid; that the supreme medical examiner shall have the right to approve an application for the whole amount applied for or for such part of the amount as he sees fit, or he may reject the application if he thinks best for the good of the order; that the supreme medical examiner may require a second examination if not satisfied with the first; that he shall keep a record of the applications approved or rejected; that he shall make such rules and promulgate such instructions to the local medical examiner as shall tend to secure none

but good risks; that he shall have general supervision over the whole medical department; that he shall have power to annul or revoke any local medical examiner's commission; that he shall have power to recall or cancel any certificate that has been obtained fraudulently; that all commissions issued by the supreme medical examiner to local medical examiners shall be under the seal of the supreme lodge attested by the secretary.

There is nothing in the laws of the order showing that the subordinate lodge has any authority whatever over the local medical examiner in the work of taking and filling out applications for insurance.

Section 177, of the Constitution and by-laws, under the heading "SUBORDINATE LODGE OFFICERS," provides that the officers of a subordinate lodge shall be a prefect, monitor, secretary, banker, marshal, warder, sentinel and three supervisors. A local medical examiner is not mentioned as such an officer. Section 178, 179 and 180 provide for the duties of the prefect; section 181 provides the duties of the monitor; sections 182, 183, 184 and 185, the duties of the secretary; section 186, the duties of the banker; section 188, the marshal; section 189, the warder; section 190, the sentinel; section 191, the supervisors. Section 187, under the same heading, is as follows:

"The physician or physicians must fully comply with the instructions of the Supreme Medical Examiner, and shall not recommend or advise the acceptance of any persons, as benefit members, unless they shall find them by the strickest examination, to be physically, morally and mentally sound, and not addicted to the habitual use of intoxicating drinks or narcotics. No person can act in this capacity without a commission from the Supreme Medical Examiner, nor unless in good standing in the Order. The fee for such examination must be paid by the applicant in all cases."

It will thus be seen there is nothing in the laws of the Order that can be construed to class the local medical examiner as an officer of the subordinate lodge.

While his duties are mentioned under the general head of subordinate officers, he is not mentioned in the section (section 177) providing for such officers and section 187, where he is mentioned, shows that he is not considered an officer of the subordinate lodge for it provides that he shall not act as a local examiner without a commission from the supreme medical examiner, and it further shows that he is under the direction and instruction of that officer.

We think that an examination of the entire constitution and by-laws of defendant makes it apparent that the local lodge neither had the appointment or discharge of the local medical examiner, nor any jurisdiction over him in the matter of taking and filling out applications for insurance. It is, therefore, our opinion that the local medical examiner was not a subordinate officer of a subordinate body, such as is mentioned in the statute quoted supra. Being the agent of the supreme body he could and did waive the warranties contained in the application. [Thompson v. Modern Brotherhood, 176 S. W. 506]; Hubbard v. Modern Brotherhood, 193 S. W. 911.] While it is true that the statute under consideration provides that no subordinate ''member'' may waive the provisions of the laws of the order under certain conditions, the local medical examiner in this case was something more than a mere member of a subordinate lodge. He was the agent of the supreme medical examiner and acted for him and in his place in taking this application.

We have examined the case of Woodmen of the World v. McHenry, 73 So. (Ala.) 97, and like cases cited by defendant. The facts shown in the opinion in the Alabama case, concerning the relation of the physician therein mentioned to the head body of the order, are very meager. There is nothing in the opinion to show that the physicion sustained the relation to the head body that the doctor in this case occupied.

The judgment is affirmed. All concur.