BENHAM *v.* AMERICAN CENTRAL LIFE INSURANCE COMPANY.

Opinion delivered November 24, 1919.

1. INSURANCE — STIPULATIONS — CONSTRUCTION.—Stipulations in a policy of insurance, avoiding the same upon the happening of certain conditions, will be strictly construed against the company.

2. SAME—SAME—SAME—DEATH WHILE ENGAGED IN MILITARY SERVICE.—A stipulation in an insurance policy avoided the same if the insured met "death while engaged in military service in time of war." Held to mean death while doing, performing or taking part in some military service in time of war; that is, death caused by performing some duty in the military service.

3. SAME—SAME—SAME—SAME.—A policy of insurance contained this provision: "Death while engaged in military or naval serv-

ice in time of war, or in consequence of such service, shall render the company liable for only the reserve under the policy. * * *" The insured joined the aviation branch of the military service, and while *en route* from New York. to Texas, in course of transfer, he contracted influenza and died. *Held*, deceased's death was not caused by performing any military service or in consequence of being engaged in military service, and that the policy was valid and enforceable.

Appeal from Lee Circuit Court; *J. M. Jackson*, Judge; reversed.

*E. D. Robertson, Mann & McCulloch* and *Mann, Bussey & Mann*, for appellant.

1. The undisputed facts show that deceased was not "engaged" in the army or naval service at the time of his death in the contemplation of the contract, and under the provisions of the policies the company is liable for the full amount of the policies, and the insured had not reached a flying status in his training for a commission and consequently a permit was not necessary.

Forfeitures are not favored. 133 Ark. 174; 1 Cyc. 245; 65 Ark. 59; 60 Atl. 180; 155 N. W. 860. The contract will be construed most strongly against the insurer. 94 Ark. 417; 80 *Id.* 49; 89 *Id.* 471.

2. The clause, "death while engaged in the military or naval service in time of war," etc., is a restrictive clause, and the construction of it must be strict, and all doubts resolved in favor of the insured. 111 Ark. 167; 48 N. Y. 34; *Union Co.* v. *Hughes,* 60 S. W.

The purpose of the contract was to insure against the ordinary hazards of the ordinary life. Insured died from influenza, a nation-wide epidemic, and the war had no effect on the risk, and he did not die in consequence of the war. The contract should have been construed to limit liability only when death occurred while engaged in actual conflict or in consequence of injuries received while in actual conflict. The word "engaged" as used meant that death must occur while in a fight, struggle or battle, etc. 60 S. W. 850; 72 S. W. 1016; L. R. A. (N. S.) 1918 C, p. 130; 48 N. Y. 34.

3. It was error to direct a verdict, and the issue should have been submitted to a jury.

4. The letter written by the actuary to deceased was an estoppel to claim any forfeiture by reason of the death of insured while in the status he was at the time the letter was written.

*Woolen, Cox & Welliver,* of Indianapolis, and *Daggett & Daggett,* for appellee.

1. The death of the insured occurred while he was engaged in military service in time of war without the required permit of the insurer, and the company was only liable for the reserve which was tendered.

2. The company is in no way estopped to deny liability for the full amount of the policies and to rely upon the plain meaning of the terms and conditions of the policies.

It is plain that the insured died both "while engaged in military service in time of war" and also "in consequence of such service." The testimony shows he was engaged in the military service in time of war. Act Congress, September 2, 1914, secs. 514, 514u, 514uu, as amended by act October 6, 1917. The words "engaged in" have been often construed. 119 Col. 119; 51 Pac. 32; 26 Fla. 360; 7 So. Rep. 861; 104 S. W. 415; 207 S. W. 74. The case in 48 N. Y. 44 is an entirely different case from this.

Here the insured enlisted, was enrolled in a branch of the military service, took the oath and subjected himself to military orders, accepted war risk insurance, was given a military funeral and a record filed in the adjutant general's office showing him to be a private first class, aviation section. The language of the contract means and shows a clear intention to except from the policy death occurring from any cause whatsoever while employed in the military service. Cases *supra;* 68 Kan-539; 75.Pac. 494.

The undisputed testimony shows that the insured was in the military service within the meaning of the pol-

icies at the date of his death and the court properly directed a verdict.

STATEMENT OF FACTS.

Julius Benham, Sr., administrator of the estate of Julius Benham, Jr., deceased, brought this suit against the American Central Life Insurance Company, of Indianapolis, Ind., to recover $4,000 on four policies of life insurance.

The company defended on the ground that the insured died while in the military service of the United States in time of war and that this exempted it from liability under the terms of the policy. On December 20, 1916, the American Central Life Insurance Company of Indianapolis, Indiana, issued four policies of life insurance for the sum of $1,000 each to Julius Benham, Jr., payable to his estate. Each of said policies was in the common form used by the insurance company and contained a restrictive provision which reads as follows: "After one year from the date hereof, this policy shall be incontestable, except for nonpayment of premiums and except for violation of its conditions as to military or naval service in time of war. * * *

"Death while engaged in military or naval service in time of war, or in consequence of such service, shall render the company liable for only the reserve under this policy, unless the company's permission to engage in such service shall have been obtained and such extra premium or premiums as the company may require shall have been paid."

On February 11, 1918, Julius Benham, Jr., enlisted in the aviation branch of the military service of the United States, at Memphis, Tennessee. Early in June he was on duty at an aviation camp at Dallas, Texas. Subsequently he was sent to Cornell University in the State of New York for special training in the aviation branch of the army and graduated from this course of training on October 5, 1918. He was at once ordered to report to the commanding officer of the concentration camp in Camp Dick, Texas, to await assignment to a

flying school for training. *En route* to Camp Dick, Benham contracted influenza, and upon his arrival at Dallas, Texas, he was transferred to St. Paul's Hospital, where he died on the 26th day of October, 1918. From the date of his enlistment to the date of his death the United States were at war with Germany and Benham was constantly subject to the military authority of the United States. He was buried with military honors at Marianna, Arkansas, where his remains were shipped for interment under a military escort. From the date of the issuance of his policy until his death, Julius Benham, Jr., paid the premiums and complied in all respects with the terms of his policies. Julius Benham, Sr., is the beneficiary under a policy issued to Julius Benham, Jr., under the War Risk Insurance Act of 1917.

It was proved that influenza was prevalent throughout all of the United States, and that civilians as well as soldiers had it; that it was not confined to any particular locality, nor to any special class of people.

At the request of the defendant the court directed the jury to return a verdict for the plaintiff for only the reserve accumulated under the policy sued on in the sum of $127.06.

Judgment was rendered upon the verdict and the plaintiff has appealed.

HART, J., (after stating the facts). The correctness of the holding of the trial court depends upon the construction to be placed upon the following provision which is contained in each policy sued on:

"Death while engaged in military or naval service in time of war, or in consequence of such service, shall render the company liable for only the reserve under this policy, unless the company's permission to engage in such service shall have been obtained and such extra premium or premiums as the company may require shall have been paid."

Counsel for the defendant seek to uphold the judgment upon the authority of *Miller* v. *Illinois Bankers' Life Association,* 212 S. W. 310. There the insured died

of pneumonia while he was in the military service of the United States during the war with Germany. The policy contained the following clause:

"It is expressly provided that death while in the service in the army or navy of the government in time of war is not a risk covered at any time during the continuance or reinstatement of this policy for any greater sum than the amounts actually paid to the company thereon."

(1-2)  This court held that the clause in question exempted the company from liability for the death of the insured. The effect of this was to hold that the words, "death while in the service in the army or navy of the government in time of war," meant death during the period of service in the army and navy of the government in time of war. In other words, the court held that these words referred to the period of time during which the insured was in service in the army. We do not think that case controls here. It is well settled that stipulations of the character under consideration in policies of insurance are always construed strictly against the insurer. The reason is that policies of insurance are issued on printed forms prepared by experts at the instance of the insurer and the insured has no voice in their preparation. The words in the restricted clause now under consideration mean something more than death to the insured during the period of time he was in military service of the United States. The word "engaged" denotes action. It means to take part in. To illustrate, a servant injured while in the operation of a train, means that he must be injured while assisting or taking part in the operation of the train. An officer engaged in the discharge of the duties of his office is one performing the duties of his office. So here the words, "death while engaged in military service in time of war," means death while doing, performing, or taking part in some military service in time of war. In other words, it must be death caused by performing some duty in the military service. That is to say, in order to exempt the company from liability, the death must have been caused while the insured was doing something connected

with the military service, in contradistinction to death while in the service due to causes entirely or wholly unconnected with such service. This construction, we think, would be according to the natural and ordinary meaning of the words. By the use of the word "engaged" it must have been intended that some activity in the service should have caused the death in contradistinction to merely a period of time while the insured was in the service. This view is strengthened when we consider the words following. The words, "or in consequence of such service," relate to the word death. So that death in "consequence of such service" means death resulting from some act of the insured connected with the service whether such death occurred during the period of his service or afterwards.

(3) It is well known that there is more danger in performing the duties incident to naval or military service than other occupations. Hence after the world's war commenced, presumbly this restrictive clause was added in anticipation that the insured might join the army or navy, and recognizing that the duties of such a service imposed additional danger to the insured, it was provided that if death ensued while he was engaged in the performance of a military or naval service, that the company would be exempt from liability. The word "engaged" as used in the policy means an active or physical performance of some act or duty in connection with military service. As above stated, the rule applies that the clause should receive the interpretation most favorable to the plaintiff because the defendant is responsible for the language used.

In the case at bar the insured died from influenza and the record shows that this disease was prevalent throughout the United States and that soldiers and civilians alike contracted it and died from it.

The death of the insured then was in no sense caused by performing any military service or in consequence of being engaged in military service.

It follows that the court erred in directing a verdict for the defendant, and for that error the judgment must be reversed and the cause remanded for a new trial.

SMITH, J., dissents; McCULLOCH, C. J., not participating.