NUTT *v.* SECURITY LIFE INSURANCE COMPANY.

Opinion delivered January 26, 1920.

INSURANCE—EXEMPTION WHILE ENGAGED IN MILITARY SERVICE.—A life insurance policy, making insurer liable only for reserve of policy upon death of insured while engaged in military service in time of war, without a permit, did not exempt insurer from liability upon death of insured from influenza in a base hospital in an army camp in the United States, while a private in the United States army; the exemption referring to death proximately caused by war activities.

Appeal from Dallas Circuit Court; *Turner Butler,* Judge; reversed.

*T. D. Wynne,* for appellant.

The only issue involved is the construction of the war clause in the policy sued on. The court based its findings and judgment on the Miller case in 212 S. W. 310, but that case does not control, as the provision of the war clause there is entirely different from this. All limitations in an insurance policy are construed most strongly against the insurer. 17 L. R. A. (N. S.) 1011. All doubts should be resolved in favor of the insured and against the insurer. 25 Cyc. 739; 30 Pa. Sup. Ct. 456; 172 N. W. 152. Only war risks were contemplated, and not death from ordinary diseases. 48 N. Y. 34; 5 Ct. Ct. 182-181; 172 N. W. 152; 207 S. W. 74. There is no such provision here as in 212 S. W. 310. There was no forfeiture when the assured entered the United States service, and the court erred in holding that the defendant was exempt from liability under the provisions of the war clause.

*T. E. Helm,* for appellee.

There was no dispute as to the facts, and the Miller case, 212 S. W. 310, is conclusive of this case as to the law. 71 Ark. 295; 52 *Id.* 201; 112 *Id.* 171-178. See also dissenting opinion in 207 S. W. 74. The judgment should be affirmed, as there is no error.

HUMPHREYS, J. Appellant, administrator of the estate of Beulah B. Forehand, instituted suit against

appellee in the Dallas Circuit Court to recover $2,000, the face value of insurance policy No. 34304, issued to Jesse M. Forehand on the first day of March, 1917, by appellee, in which Beulah B. Forehand was named as the beneficiary. The policy was made the basis of the suit. In addition to setting out the policy, it was alleged in the complaint that, during the life of the policy, Jesse M. Forehand died; that due proof of the death of the insured was made to the appellee, and that appellee had refused, contrary to its obligation, to pay appellant, the representative of the assured, the amount due under the terms of the policy.

Appellee filed answer, claiming exemption from liability under the following clause in the policy: "This policy shall be incontestable after one year after its date except for non-payment of premiums and except for naval or military service in time of war without permit, which are risks not assumed by this company; provided that in case of the death of the insured while engaged in such service without a permit, the amount payable hereunder shall be the reserve of the policy at date of death."

The cause was submitted to the court, sitting as a jury, upon the pleadings, the application for the policy, the policy, proof of death, and the following agreed statement of facts:

"1. That upon written application of Jesse M. Forehand there was issued by the defendant company, March 1, 1917, its policy No. 37304, insuring the life of the said Jesse M. Forehand in the amount of $2,000, subject to the terms and conditions of said policy, and that said policy provided for an annual premium of $68.26 dollars, which was paid by the said Forehand, and that sufficient proofs of death was filed, except as to securing permit to enter military service and as to amount due under the policy, which is $51.44."

"2. That in said policy of insurance issued by the defendant on the life of the said Jesse M. Forehand, among others, is the following provision:

" 'This policy shall be incontestable after one year from its date, except for non-payment of premiums and except for naval or military service in time of war without a permit, which are risks not assumed by the company; provided that, in case of the death of the insured while engaged in such service without a permit, the amount payable hereunder shall be the reserve on the policy at date of death. All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall void this policy unless it is contained in the application therefor.' "

"3. That after said policy was issued and while the same was in effect, with all of its terms and conditions, the said Jesse M. Forehand entered, and until and at the time of his death was engaged in, the military service of the United States Government of America as a private in the army of the said United States of America. That, at and during the time the said Forehand entered and remained in said service as aforesaid, a state of war existed between the said United States of America and the Imperial German Government."

"4. That at no time before he entered, or while he was engaged in, the said military service of the said United States of America, during said state of war, did the said Jesse M. Forehand apply for, nor was there issued to him by the defendant, a permit to engage in said service in said time of war in accordance with the provisions of said policy referred to in the paragraph hereinbefore numbered two."

"5. That the said Jesse M. Forehand died of influenza October 12, 1918, in the Base Hospital at Camp Pike, Arkansas, while engaged in said military service of the United States of America as private in the army of said United States of America, without a permit as aforesaid, and while said state of war existed between said United States of America and the Imperial German Government."

The court found appellee liable for $51.44, the reserve value, but not liable for the face value of the policy, and, in accordance with the findings, rendered judgment against appellee for $51.44, with costs, and dismissed appellant's complaint for the face value of the policy. From the judgment an appeal has been duly prosecuted to this court.

It is insisted that the court erred in construing the war exemption provision in the policy as meaning the death of the insured during the time he was in the army, instead of construing it to mean the death of the insured resulting from war activities. The war exemption provision, when read in entirety, relates to death proximately caused by war. In order to give the proviso contained in the provision a reasonable meaning, it is necessary to restrict the risks not assumed by appellee insurance company while the insured was in military service without a permit, to death incidental to military duty. The word "engaged" in the proviso furnishes the key to a proper construction of the provision. It was so held by this court in the interpretation of a provision in an insurance policy quite similar to the provision now before us for construction, in the renct case of *Benham* v. *American Central Life Ins. Co.,* 140 Ark. 612. In that case the court said: "The word 'engaged' denotes action. It means to take part in;" and, in the same case, also said: " 'Death while engaged in military service in time of war,' means death while doing, performing, or taking part in some military service in time of war. That is to say, in order to exempt the company from liability, the death must have been caused while the insured was doing something connected with the military service, in contradistinction to death while in the service due to causes entirely, or wholly, unconnected with such service." While we do not regard the clause now before us for construction as containing any ambibuity, yet an additional reason in support of the conclusion reached upon the interpretation of the clause may be found in the fact that no

reduction was provided in the policy of the premium during the period of enlistment. Had it been the intention of appellee insurance company to relieve itself from death resulting from natural or ordinary causes during the period of enlistment, it would certainly have provided for a corresponding reduction in the premium. It is hardly supposable that the same premium of $68.26 per annum would have been exacted to give the insured protection to the extent of the reserve value of the policy when the reserve value was less than the annual premium. The fact that no reduction was made in the premium is indicative of the intent on the part of the company to exempt itself from the payment of the face of the policy under the war exemption provision from death caused by enhanced danger or hazard to life incident to war, and not from death incident to causes for which it imposed and exacted a fixed annual premium. We think that the construction of the war exemption provision contained in the policy in the instant case is ruled by the case of *Benham* v. *American Central Life Ins. Co., supra,* and not by the case of *Miller* v. *Illinois Bankers' Life Assn.,* 138 Ark. 442. The provision under review in the latter case did not contain the proviso in the provision under review in the instant case. To rule this case by the Miller case would, in our judgment, extend the doctrine announced therein.

We do not think the instant case is differentiated from the Benham case, as suggested by appellee, on account of the following provision in the agreed statement of facts: ''That after said policy was issued and while the same was in effect, with all of its terms and conditions, the said Jesse M. Forehand entered, and until and at the time of his death was engaged in, the military service of the Government of the United States of America.'' It appears in the agreement of facts that the insured died of influenza on October 12, 1918, in the Base Hospital at Camp Pike. This disease was a disease common to soldiers and civilians alike, and was not confined to any particular locality; so it is apparent that it was

not intended by the clause in question to concede that death resulted to the insured from any active service in the war. The liability of appellee in this case is dependent upon a construction of the war exemption clause in the policy and not upon an agreement of facts by the parties. The provision is plain and unambiguous. It only exempts the company from liability on the face of the policy from death proximately caused by war activities.

For the error indicated the judgment is reversed and the cause remanded with directions to enter judgment in accordance with this opinion.

McCulloch, C. J., (dissenting). This case should, I think, be controlled by *Miller* v. *Illinois Bankers Life Association,* 138 Ark. 442. There is no sound distinction between the two cases. The language of the policy related to the status of the insured and not to the cause of death, and meant that if he died during the period of his military or naval service in time of war, there should be no liability except for the reserve.

Mr. Justice Smith is of the same opinion.