KATURAH REID, Respondent, v. AMERICAN NA- IONAL ASSURANCE COMPANY, a Corporation, Appellant.

Springfield Court of Appeals, February 28, 1920.

1. **INSURANCE:** Insured, a Soldier, Dying in Hospital in this Country of Pneumonia, Engaged in ''Military Service'' Within Terms of Policy. Where a life insurance policy exempted insurer from liability "if the insured shall die or become disabled while engaged in naval or military service in time of war or in consequence of such service," except for an amount equal to the net reserve on the policy, and it appeared that insured enlisted in the army in the war with Germany and her allies, and that he died in a hospital in this country of pneumonia, deceased was engaged in the military service, and died when in such service within meaning of the policy.

2. ——: Exemption from Liability if Insured Dies while Engaged in Naval or Military Service, Valid. A provision in a life insurance policy exempting insurer from liability in case insured dies while engaged in naval or military service is valid.

3. ——: Provisions Excluding Hazards Incident to Military Service in Time of War or Exacting Higher Premiums Not Void as Against Public Policy. Provisions in life insurance contract excluding therefrom the hazards incident to military service or exacting a higher rate of premium for such risks are not void as against public policy.

4. ——: Increased Premiums for Hazards Incident to Military Service in Time of War Not Exorbitant and Unreasonable. A life insurance policy providing for increased rates for hazards incident to military service in time of war will not be held exorbitant or unreasonable, since, as insurer may entirely decline to carry such risks, it may fix its own terms for so doing in the absence of law or regulations to the contrary.

5. ——: Acceptance of Premiums Not Waiver of Prohibition Against Engaging in Military Service Where Fact of Such Service is Concealed. Where a life insurance policy exempted insurer except for the net reserve if insured should die, or become disabled, by engaging in military service in time of war or in consequence of such service unless an increased rate was paid, acceptance by insurer of premiums at the original rate did not constitute a waiver of the conditions when insured concealed the fact that he had entered the army.

Appeal from Pemiscot County Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

REVERSED.

*Jones, Hocker, Sullivan & Angert* and *Ward & Reeves* for appellant.

*N. C. Hawkins* and *J. S. Gossom* for respondent.

STURGIS, P. J.—This suit is on a life insurance policy for $2,000 on the life of Fred Reid. The plaintiff is the mother of the insured and the named beneficiary. The defendant admitted the issuance of the policy, the payment of all the premiums, the death of the insured, due proof of such death and based its defense solely on

·the fact that insured was at and previous to his death in the military service of the United States. The clause in the policy exempting defendant from liability is as follows: "Nowithstanding anything herein to the contrary, if the insured shall die or become disabled while engaged in Naval or Military Service in time of war, or in consequence of such service, the amount payable and the liability of the Company hereunder shall be limited to an amount equal to the net reserve herein calculated according to the American Experience Table of Mortality with interest at the rate of three and one half (3 1/2) per cent per annum. After one year from the date of this Policy, this condition will be waived, if the insured immediately before engaging in such Naval or Military Service, shall pay to the Company at its Home Office an extra cash premium; such extra premium shall be payable annually in advance during the term of such service, and shall be seven and one half (7 1/2) per cent of the face of this Policy." The defendant tendered and plaintiff refused to accept the net reserve value of the policy.

The evidence quite conclusively shows that the policy was issued June 7, 1917; that the insured, Fred Reid, enlisted in the army in consequence of the draft on July 25, 1918, this country being then at war with Germany and her allies; that he first went to Jefferson Barracks for military training and later to Camp Polk, North Carolina; that he was assigned to Company 13, 164 Depot Brigade, and that while a private in the United States Army he was taken sick and died at Rex Hospital, Raleigh, N. C., October 20, 1918, of pneumonia. On these facts the court refused to direct a verdict for defendant, but instructed the jury that defendant was liable unless the deceased at the time of his death was engaged in military or naval service of the United States and that his death was *in consequence of naval or. military service.* The judgment being for plaintiff the defendant appealed.

That deceased was engaged in military service and died while in such service, is beyond controversy. The Kansas City Court of Appeals held in Redd v. Ins. Co., 200 Mo. App. 383, 207 S. W. 74, that one enters the military service when he is found physically and mentally fit, takes the oath, is enrolled and subjects himself to the military authority. So long as his status as a soldier continues he is in the military service. Such was our holding in Malone v. Ins. Co., 213 S. W. 877.

In each of the two cases just mentioned the exemption clause was so worded as to require more than mere proof that the insured died while in military service. In the Redd case the insurer was not liable according to the terms of the policy unless the deceased was in the active military service, as distinguished from service in a training camp; and in the Malone case the exemption only applied when the deceased was engaged in the military service and his death was the result of such service. In the present case we find no such restrictive clause but the exemption from liability applies to every death occurring while the insured is engaged in the the military service in time of war. The policy states in unequivocal terms that the insurer shall be liable only for the net reserve value of the policy in case the insured dies "while engaged in Naval or Military Service in time of war." If this is a valid policy provision the defendant cannot be held liable except for the small reserve value of this policy, which it offered to pay. There is nothing in this policy contract warranting the instruction that in order to escape military liability there must be a finding, not only that the deceased was engaged in military service at the time of his death, but that such death was in consequence of such service.

That a provision of this character, exempting the insurer from liability in case the insured dies while engaged in Naval or Military service, is valid, is in accordance with all the adjudged cases. It was so held in LaRue v. Kansas Mut. Life Ins. Co. (Kan.), 75 Pac.

494. The deceased there met his death while serving as a soldier in the Philippine Islands. The court rejected all evidence as to the cause or manner of his death other than that he was at the time engaged in military service. This case is cited in Cooley's Briefs on the Law of Insurance, Vol. 3, p. 2206, as one of the many cases supporting the general rule that: "Provisions in the policy, or in the constitution or by-laws of the association, prohibiting the insured or member from engaging in specified occupations, may in general be regarded as conditions subsequent. Such conditions are valid, and a violation thereof, or noncompliance with the promissory warranty against change of occupation, will forfeit the policy." In the recent case of Miller v. Illinois Life Ins. Co. (Ark.), 212 S. W. 310, where as here the insured died of pneumonia at a military training camp in this country after his enlistment for military service during the late war with Germany, the court held valid a clause of the policy exempting the insurer from liability in case of death while in military service. That case is so like this on the facts as not to be distinguishable. In Kelly v. Fidelity Mut. Life Ins. Co. (Wis.), 172 N. W. 152, the court evidently regarded an exemption clause of this character as valid, since it was careful to point out that the particular clause then in question restricted non-liability to deaths occurring while in military service and resulting from such service. So this court in the Malone case, supra, speaking of the Miller case, and distinguishing it from the case in hand, said: "Our attention is called to the case of Miller v. Illinois Banker's Life Association (Ark.), 212 S. W. 310, not yet officially reported. In that case the war risk clause exempted the insurer from liability provided that death while in the service in the army or navy of the government in 'time of war' should occur. The court very properly held that if the insured died while at a military training camp after enlisting in the United States army during the late war with Germany there was no liability. But there was no further restrictive

clause in the policy limiting the death while in military service to only such death as resulted from such service, as does the policy now in question. That case, therefore, is not in point." The courts have always construed such clauses against the insurers so as to restrict them to the narrowest limits, but that such clauses are valid has hardly been questioned. [Welts v. Conn. Mut. Life Ins. Co., 48 N. Y. 34, 8 Am. Rep. 518; Redd v. Am. Central Life Ins. Co., 207 S. W., 74, 200 Mo. App. 383.]

The suggestion that an exemption clause of this character should be held void as against public policy, in that it deters enlistment in the army or navy and hampers the government in its war activities, has not been considered directly except in the Miller case, supra, and there the court ruled against the contention. It has doubtless been more or less considered in other cases as it was by us in the Malone case though not discussed. We find no suggestion by court or text book writer that such clause is void as against public policy. That service in the military forces in time of war is a somewhat hazardous occupation must be admitted. That the government could under its war powers compel insurance companies to carry insurance on soldiers at regular rates need not here be questioned. It is sufficient to say that it has not done so. This is only one of the numerous financial losses incident to military service. The fact that the government entered largely into war risk insurance, doubtless at large expense and loss, was due in part at least to the fact that insurance companies were not willing to, and doubtless could not except at great loss, carry insurance on soldiers and sailors except at a considerable increase of rates. We find no sufficient reason for declaring void as against public policy provisions in contracts of insurance excluding therefrom the hazards incident to military service in time of war or, what is the same thing, exacting a higher rate of premium for such risks.

What we have said also disposes of the suggestion that the increased rate demanded by the terms of this policy for such increased risk is exorbitant and unreasonable and therefore void. These were the terms of the initial contract assented to by the insured. If the insurer may decline *in toto* to carry risks of this character it may fix its own terms for so doing at least in the absence of any law or regulation to the contrary.

The insured through his brother paid one quarterly installment of premium after his enlistment in the army. It is contended that the insurer by reason of accepting this premium waived the military non-liability clause. The clause in question makes it the duty of the insured on entering military service to notify the company and pay the increased premium. This the insured did not do and the defendant company had no knowledge when it accepted this premium or until after his death that insured was in the military service. In the case of Miller v. Ins. Co., supra, the court held that, since the military non-liability clause merely suspended the operation of the policy during the period of such service at the termination of which it would again become operative, the acceptance of the ordinary premium with knowledge of insured's being in the military service would not be a waiver. There is much reason in this. However, it is quite certain that the insured could not conceal his breach of this provision of the policy and then claim same as a waiver. Waiver, of the character here claimed, must be based on knowledge of the facts constituting the waiver. [Horstmann v. Ins. Co., 194 Mo. App. 434, 438, 184 S. W. 1164; Harvey v. Grand Lodge, 50 Mo. App. 472, 478.] The plaintiff is yet entitled to accept the net reserve value of the policy as tendered by the defendant, but that is all. The court should have sustained the demurrer to the evidence. The judgment is therefore reversed.

*Farrington* and *Bradley, JJ.,* concur.