ERAH SLAUGHTER, Appellant, v. PROTECTIVE LEAGUE LIFE INSURANCE COMPANY, REspondent.

Springfield Court of Appeals, August 10, 1920.

1. **INSURANCE: Exemption in Military Service Applicable to Death from Pneumonia.** Exemption in life policy from liability for death of insured while engaged in military is applicable, though death was from pneumonia.

2. **STIPULATIONS: Inquiry as to Whether War Ended by Armistice Precluded by Stipulation.** Inquiry as to whether, within a life policy exempting from liability for death of insured while engaged in military service in time of war, war was ended by the Armistice, is precluded by stipulation that insured remained engaged in military service in time of war till his death.

Appeal from Circuit Court of Scott County.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*J. H. Hale* and *Spradling & Burrough* for appellant.

(1) Stipulations in life insurance policies exempting insurer from liability under certain conditions are always construed strictly against the insurer, since such policies are issued on printed forms prepared by experts at insurers' instance, and insured has no voice in their preparation. Benham v. Ins. Co., 217 S. W. 462; Newman v. Ins. Co., 192 Mo. App. 159; Mitchell v. Ins. Co., 179 Mo. App. 1; Roseberry v. Ins. Co. 142 Mo. App. 552; Nutt v. Security Life Ins. Co., 218 S. W. 675. (2) The insured died of bronchial pneumonia while in military service, but not while doing, performing, or taking part in some military service in time of war, so he did not come within the restricted clause of the policy. Benham v. Ins. Co., 217 S. W. 462; Malone v. Ins. Co., 213 S. W. 877. (3) The policy provides that the death of the insured while engaged in military or naval service in time of war is a risk not assumed under this policy. The death of insured was from bronchial pneumonia, and after hostilities had ceased, and not while engaged in war. Benham v. Ins. Co., 217 S. W. 462. (4) In order to exempt the company from liability, the death of insured must have been caused while he was doing something connected with the military service. Benham v. Ins. Co., 217 S. W. 462; Queatham v. Ins. Co., 148 Mo. App. 33, 50. (5) The respondent must show, in order to recover, that the death of insured was directly traceable to his services while engaged in military service. Queatham v. Ins. Co., 148 Mo. App. 33, 51; Fetter v. Ins. Co., 174 Mo. 256.

*Dudley & Lucas,* of Benton, for respondent.

(1) It is only when the provisions in the policy are ambiguous or subject to different interpretations that the rule of law, that such provisions are to be construed in favor of the assured, is invoked; and if the provisions are subject to only one meaning, they should be given effect. Kempf v. Equitable Life Assurance Soc., 184 S.

W. 133; Taylor v. Loyal Protective Ins. Co., 194 S. W. 1055. (2) The policy and application are the contract and the whole and only contract existing between the insured and insurer when the insurer is a so-called Old Line Company, and the clauses and provisions therein are binding upon both the insured and the insurer, unless they are illegal or against public policy. Tainter v. Central States Life Ins. Co., 185 S. W. 1185. (3) The insured died of bronchial pneumonia while engaged in military service in time of war, and the insurer by reason of the provisions of the policy became liable to appellant (plaintiff below) for only the premiums actually paid to the company. Miller v. Illinois Bankers' Life Assn. (Ark.), 212 S. W. 310; Malone et al. v. State Life Ins. Co., 213 S. W. 877. (4) The provision in the policy, ''The death of the insured while engaged in military or naval service in time of war is a risk not assumed under this policy, and in such event the company will return all of the premiums actually paid to the company hereunder,'' is a legal provision and part of the contract between the insured and insurer and the same is not against public policy, and the insured did not have to be engaged in active military service in order for this provision to relieve the insurer from liability for more than provided for in said policy. Redd v. American Central Life Ins. Co., 207 S. W. 74; Miller v. Illinois Bankers' Life Assn. (Ark.), 212 S. W. 310; Joyce (Law of Insurance) Vol. 4, Sec. 2237 et seq. (5) The words and clause ''Engaged in military service in time of war'' have a well-defined meaning, and one is so engaged when his country is at war with another nation and he has passed the military examination, taken the oath, been enrolled and has subjected himself to the order of the military. Redd v. American Central Life Ins. Co., 207 S. W. 74; Malone et al. v. State Life Ins. Co., 213 S. W. 877. (6) The death of the insured while engaged in military service in time of war did not obligate insurer for more than the policy provided for in case of such death, although insured died of disease. Miller v. Illinois Bankers' Life Assn. (Ark.), 212 S. W. 310.

FARRINGTON, J.—This is an action instituted by the plaintiff in the trial court as beneficiary in a policy of insurance to recover against the defendant the amount stipulated in the policy. The case was tried on the following agreed statement of facts:

"It is admitted, and is a fact that the defendant is a stock company, or so-called Old Line Company; that the defendant issued its policy No. 132877 on the life of Wilton W. Davidson, for $1000, in favor of Erah Slaughter, his aunt, on January 1st, 1918; that said policy is hereto attached and marked Exhibit 'A.'; that all premiums due on said policy prior to the death of the insured have been duly paid, and amounted to the sum of $18.72; that the insured, Wilton W. Davidson, enlisted in the military service of the United States Army, in time of war, at Cape Girardeau, Missouri, some time prior to the issuing of this policy and some time prior to the death of the insured; that said insured remained engaged in said military service in time of war until the date of his death; that on January 9th, 1919, while engaged in the military service of the United States Army, in time of war, said insured died of bronchial pneumonia while so engaged as a private, Supply Company, 140th Infantry, American Expeditionary Forces, somewhere in France; that the armistice had been signed on November 11th, 1919, and that hostilities had ceased, and had not been resumed at the date of the death of the insured; that proof of death of the insured was duly and properly made by plaintiff to the defendant."

The policy contained the following clause:

"Military or Naval Service."

"The death of the insured while engaged in military or naval service in time of war is a risk not assumed under this policy, and in such event the Company will return all the premiums actually paid to the Company hereunder."

The trial court gave judgment for the defendant and the plaintiff appeals.

The question here involved has been recently passed on by this court in the case of Malone et al. v. State Life

Insurance Co., 213 S. W. 877. We there held that one who had entered the military service, when he had passed the required examination, taken the oath, been enrolled and had subjected himself to the order of the military, there was no question in that case that the insured having entered the military service died "while so engaged." We further held in that case that notwithstanding the insured was engaged in military service, there could be no recovery unless the death came "as a result of such service," as a result of such service being in the exemption clause.

In the recent case of Reid v. American Insurance Co., 218 S. W., 557, we held the company not liable where the policy provided an exemption when "engaged in military service," and where the death came to the soldier in a hospital in this country from pneumonia. In the case at bar, however, the only condition required to create the exemption is that the assured be engaged in naval or military service in time of war.

We are cited to the case of Benham v. Insurance Company, 217 S. W., 462, but on examination of the military provision there, there would be an exemption provided the insured was engaged in the military service "or in consequence of such service;" the court holding that a death by influenza after the armistice was not a death resulting from having been engaged in military service. We are unwilling to make the close distinction to the word "engaged" that appears in the cases of Benham v. Insurance Co., 217 S. W. 462, and Nutt v. Insurance Co., 218 S. W. 675. The provision in the case at bar resembles that in Redd v. Insurance Company, 200 Mo. App. 283, 207 S. W. 74, and Miller v. Insurance Co., 212 S. W. 310,

Even were we willing to hold that a death of a soldier, who was in France, from pneumonia after the armistice of November 11, 1918, was not engaged in military service, we would be precluded from so holding in this case under the stipulated agreed facts. As will be seen by referring to same, it was agreed "that said insured died of bronchial pneumonia while so engaged in was as

a private." It is further admitted "that said insured remained engaged in military service in time of war until the date of his death," and "that on January 9th, 1919, while engaged in military service of the United States Army, in time of war," and etc.

We, therefore, hold that the exemption in this case does not fall within the class of exemptions such as the Malone case, but takes effect if the insured was engaged in military service in time of war; and in the Malone case we held that one who was in the same status as the insured in this case was engaged in military service.

The parties chose to try this case on the theory that the war was not ended by the signing of the armistice on Nov. 11, 1918, and have so presented it here. Whether that theory is correct or not we do not decide.

The judgment is affirmed.

*Sturgis, P. J.,* and *Bradley, J.,* concur.