REX HEALTH AND ACCIDENT INSURANCE COMPANY
*v.* PETTIFORD.

[No. 10,630.   Filed December 22, 1920.]

INSURANCE.— *Health and Accident Insurance.— Policy.— Construction.—Active Military Service.*—Where insured died from disease contracted while he was in a military training camp after being inducted into the military service in time of war, his death did not occur while engaged in active military service within the meaning of a clause of the policy exempting insurer from liability for death while so engaged.

From Marion Superior Court (A4,543) ; *Theophilus J. Moll,* Judge.

Action by Maria Pettiford against the Rex Health and Accident Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Earl J. Askren,* for appellant.

*R. L. Bailey,* for appellee.

NICHOLS, J.—The only error assigned in this appeal is that the court erred in its conclusion of law on the special findings of fact.

It appears by such special findings that appellant on April 23, 1917, insured the life of one John Smith against death in the sum of $142.80, and delivered to

him a policy in which appellee, his mother, was named as the beneficiary. Said insured was drafted into the military service of the United States, under the selective service law, September 25, 1918, by the order of the local draft board for division 7 of the city of Indianapolis, Indiana, and after examination was inducted into the military service and sent to Camp Custer, Michigan, a camp where all recruits such as the insured were trained in military service, and which camp was a military mobilization camp for the army of the United States. He arrived at said camp on September 27, 1918, and was placed in quarantine immediately upon his arrival, which is the custom with recruits entering a military camp. On October 1, 1918, while in quarantine he was taken sick with influenza, and was sent to the base hospital October 2. On October 8, 1918, while still in said base hospital, and while serving as a private in the Third Provisional Company, 160th Depot Brigade in the army of the United States, to which company he was assigned upon being received at the camp, he died of influenza and broncho-pneumonia. At the time of entering said military service, and at all times thereafter until the death of said insured, the United States was engaged in active and actual warfare with the Imperial German Government and other European powers. Said insured and appellee, his beneficiary in said policy, have separately and severally performed the conditions of the policy, and at the time of the death of the insured the premiums were fully paid to and including September 30, 1918. Appellant has ever since refused to pay, and does still refuse to pay death benefits to appellee, basing such refusal on clause 9 of the policy, which reads as follows:

"* * * Death benefits will not be paid in any case where * * * death results * * * while engaged in active military service. * * *"

The court stated on such finding of facts its conclusion of law that appellee is entitled to recover of appellant the sum of $147 with costs. Appellant duly excepted to the conclusion. Judgment was rendered thereon, from which this appeal is prosecuted.

The construction given to the expression "while engaged in active military service" must determine the result of this appeal.

In the case of *Redd & Thompson* v. *American, etc., Ins. Co.* (1918), 200 Mo. App. 383, 207 S. W. 74, an application for insurance contained a provision that: " 'Active service in the army or navy, in time of war, shall invalidate said contract of insurance, unless a permit for such service shall have been applied for in writing and endorsed upon the policy by the company, * * *' " The policy provided that " 'In case of death from service in war without permission from the company, the full reserve for this policy at the time of such death only will be paid.' " The insured, being registered under the selective service law, was sent by the military authorities to Camp Funston, Fort Riley, Kansas, where he died of pneumonia while in the service aforesaid. No permission had been given the insured to enter military service. The court held, quoting from New Century Dictionary, that active service (military) is " 'The performance of duty against an enemy, or operations carried on in his presence,' " and then stated that the active service with which it was dealing according to the policy was service in time of war, and that one who has entered the military service in time of war, and is there in course of training in the medical department thousands of miles from the scene of hostilities, cannot be regarded as in active service in the army in time of war.

In *Kelly* v. *Fidelity, etc., Ins. Co.* (1919), 169 Wis. 274, 172 N. W. 152, 4 A. L. R. 845, it was held that,

where the insured was killed in a motorcycle accident far behind the firing lines, his death was not from a cause peculiar to the service so as to preclude a recovery upon the policy limiting the insurer's liability if the insured engaged in military service and died as a result thereof directly or indirectly.

In *Myli* v. *American Life Ins. Co.* (1919), (N. D.) 175 N. W. 631, where the insured enlisted in the navy department during the recent war, and had been assigned to the Dunwoodie Institute in Minneapolis for instruction and training, and while so assigned had contracted influenza, from which he died after a brief illness in the city hospital of said city, it was held that, under a provision limiting the liability in case of death of the insured while engaged in military or naval service in time of war without obtaining a permit therefor, such death was not occasioned by any extra hazard incident to military or naval service so as to preclude recovery on the policy. The court in this case said: "It is idle to say that because one's status is such that he must respond to orders from military or naval authority, he is in military or naval service within such a provision, when in fact there is nothing about his daily activities that suggests the least physical danger that would enhance an insurance risk."

In the case of *Nutt* v. *Security Life Ins. Co.* (1920), (Ark.) 218 S. W. 675, it was held that a policy limiting the liability upon the death of the insured while engaged in military service in time of war, without a permit, did not exempt insurer from liability upon death from influenza of the insured in a base hospital in any army camp of the United States, such provision covering only death proximately caused by war activities. The court quotes from *Benham* v. *American, etc., Ins. Co.* (1920), (Ark.) 217 S. W. 462, as follows: " 'Death while engaged in military service in time of war' means

death while doing, performing, or taking part in some military service in time of war. That is to say, in order to exempt the company from liability the death must have been caused while the insured was doing something connected with the military service in contradistinction to death while in the service due to causes entirely, or wholly, unconnected with such service." The court further said: "This disease (influenza) was a disease common to soldiers and civilians alike, and was not confined to any particular locality; so it is apparent that it was not intended by the clause in question to concede that death resulted to the insured from any active service in the war. * * * It (the exemption clause) only exempts the company from liability on the face of the policy from death proximately caused by war activities."

In harmony with the foregoing authorities, we hold that the finding of facts does not present a case where "the death results * * * while engaged in active military service." Judgment is affirmed.