## Kieninger v. The Home Life Insurance Co. of America.

*Insurance—Condition that insured shall not engage in military service.*

1. A condition in a policy of life insurance limiting recovery to the amount of the legal reserve to the credit of the policy if the insured shall engage in any military or naval service in time of war, unless he notifies the company and pays certain extra premiums, applies whether the insured dies in battle or from disease while in the military service in time of war.

2. Such a condition is not void as against public policy.

Case stated. C. P. No. 5, Phila. Co., June T., 1919, No. 523.

*Hepburn, Carr & Krauss*, for plaintiff; *John P. Connelly*, for defendant.

MARTIN, P. J., April 20, 1923.—Plaintiff brought suit on a policy of life insurance issued by the defendant, insuring her son. After a statement of claim and affidavit of defence were filed, a case stated was agreed upon for the opinion of the court in the nature of a special verdict. It was agreed that Otto Kieninger was insured in The Home Life Insurance Company of America, the defendant, on Nov. 1, 1917. Plaintiff is the mother of the insured and the beneficiary named in the policy, a copy of which is attached to the case stated as an exhibit.

On July 11, 1918, the insured was drafted into the Army of the United States, and on July 26, 1918, he was ordered to report and was inducted into the military service of the United States, but did not notify defendant of the fact. He was sent abroad with the American Expeditionary Forces as a private in the 163rd Infantry, and, while part of the American Expeditionary Forces, died of acute rheumatism on Oct. 11, 1919.

Due proofs of death were furnished to defendant. All the regular premiums were paid on the policy in full to Nov. 1, 1919, but no extra premiums were paid. Paragraph 8 of the policy provides that "if the insured shall engage in any military or naval service in time of war, the liability of the company in event of the death of the insured while so engaged, or within six months thereafter, will be limited to the amount of the legal reserve to the credit of the policy, less any indebtedness to the company herein; unless before engaging in such service, or within one month (of not less than thirty days) or at the time of paying the first premium due thereon, if the insured shall be then so engaged, the insured shall pay to the company at its executive offices in Philadelphia, Pa., such extra premium as may be required by the company, and in like manner shall pay annually thereafter on each anniversary of this policy, or within one month (of not less than thirty days) while the insured shall continue to be so engaged, such extra premium as may be required by the company."

The insured was drafted into the military service of the United States in time of war, and did not notify defendant or pay to the defendant any extra premium on the policy, and no increase in the premium was assessed by defendant.

The questions submitted to the court are: (*a*) Did the insured die while engaged in military service within the meaning of the terms of the policy under paragraph 8? (*b*) Is not the condition which provides that the insured shall pay such extra premiums as may be required by the company during the time the insured shall be so engaged void as against public policy?

If the court be of the opinion that question "*a*" should be answered in the negative, or that "paragraph 8" be against public policy, it is agreed that judgment may be entered for the plaintiff; but if not, then judgment for defendant.

Clause "8" of the policy of insurance is free from ambiguity, and is expressed in clear and distinct language. It is not limited to the case of an insured who participates in an engagement or battle, but is made applicable if the insured engages in any military service in time of war. It is stipulated in the case stated that the insured was inducted into the military service of the United States in time of war, assigned to an infantry regiment, sent abroad with the American Expeditionary Forces, and died while in the service before the end of the war.

Cases were cited from other states in the able and ingenious argument of counsel for plaintiff, in which insurance companies have been held liable where death of insured soldiers was occasioned by natural causes and did not occur on the battlefield or from wounds received in action, and also cases where the insured died in training camps before becoming part of an army serving in the field abroad.

It was urged that "engage," as used in paragraph 8 of the policy, should be construed to confine the requirements of additional premiums to participation by the insured in combat, and did not become operative where he performed other service in the line of duty if assigned to the department of ordnance, supplies, transportation, equipment, sustenance, intelligence, or to perform other service than on the battle front. In the National Defence Act we find full recognition of the services requisite to keep an army in the field, divided into seven "procuring branches," of ordnance, quartermaster, air service, engineers, signal, medical and chemical.

It would be difficult to harmonize that view of the agreement with the provision at the latter end of paragraph 8, which requires the insured to pay annually, while the insured shall continue to be so engaged, such extra premium as may be required by the company.

The policy in paragraph 8, limiting the liability of the company if the insured shall engage in any military service in time of war, employs the word "engage" to signify entering into or participating or taking part in.

The insured did engage in military service when he was inducted into the military service of the United States, and continued to engage in military service with his command, which was attached to the American Expeditionary Forces in time of war, until his death.

Whether the rheumatism of which he died was contracted by exposure in the trenches or otherwise, it is unnecessary to inquire, as the policy made the limitation of liability effective if the insured engaged in any military service in time of war.

There is no legal reason for holding void the condition contained in paragraph 8 of the policy, requiring the insured to pay, while he shall continue to be engaged in the military service in time of war, such extra premium as may be required by the company.

It has been suggested that provisions of this character ought to be held void and against public policy as having a tendency to prevent enlistments and encourage evasions of the draft, but it has been held that insurance companies have the right to select particular risks they are willing to assume.

The contract in the present case does not constitute an agreeement not to enlist or to evade the draft: Miller *v.* Illinois Bankers Life Ass'n, 138 Ark. 442.

In the case of Redd *v.* American Central Life Ins. Co., 200 Mo. App. 383, it was said: "That service in the military forces in time of war is a somewhat hazardous occupation must be admitted. The fact that the Government entered largely into war risk insurance, doubtless at large expense and loss, was due, in part at least, to the fact that insurance companies were not will-

3 D. & C.

ing to, and doubtless could not, except at a considerable increase of rates. We find no sufficient reason for declaring void as against public policy provisions in contracts of insurance excluding therefrom the hazards incident to military service in time of war, or, what is the same thing, exacting a higher rate of premium for such risks."

And now, to wit, April 20, 1923, the court having carefully considered the arguments of counsel and the briefs filed, is of opinion that question "a" propounded by the case stated should be answered in the affirmative—that Otto Kieninger died while engaged in military service within the meaning of the terms of the policy under paragraph 8; and that the condition set forth in paragraph 8 of the provisions of the policy, which provides that the insured shall pay to the company at its executive office in Philadelphia, Pa., such extra premium as may be required by the company, in like manner shall pay annually thereafter on each anniversary of this policy, or within one month (of not less than thirty days), while the insured shall continue to be so engaged, such extra premium as may be required by the company, is neither void nor against public policy, but a valid and lawful provision of the policy; and it is ordered that judgment be entered for defendant.