## Throne v. Pa. Mutual Life Insurance Co.

*C. M. Lyman,* for plaintiff.

*G. Reuling Davis,* for defendant.

VALENTINE, P. J., for court en banc, January 18, 1945.—This is a case stated to determine the liability of defendant company under the terms of a policy of insurance issued by it December 6, 1937, upon the life of William Throne, plaintiff's son, wherein plaintiff is named beneficiary. The particular provision which gives rise to the controversy between the parties is as follows:

*"Military or Naval Service*

"In the event that the insured hereunder engages in military or naval service or any of the allied branches thereof without the written consent of the president, this policy shall be void and the liability of the company under this policy shall be limited to the reserve thereunder, as of the date when the insured entered such service."

The insured, on September 26, 1942, was inducted into the military service of the United States by virtue of the Selective Service Act, and remained in the service until his death on June 27, 1943. On the latter date the insured, while at home on furlough, met an accidental death by drowning while swimming for pleasure in a pond near Hazleton.

The sole question presented is whether, under the above facts, the policy became void by reason of the induction of the insured into the armed forces. Or to state the question another way, does the provision of the policy above referred to have reference to the status of the insured, or does it relate to the hazards at the time of his death. We are inclined to the opinion that the language relates to the former rather than to the latter.

The provision makes no reference to the cause of the insured's death. It rather designates the effect his possible future action in entering the military or naval service shall have upon the contract. In substance, the policy provides that the insured's change of status from civilian to military shall make void the policy.

The provision is to be distinguished from language which exempts the insurer from liability in case the death of the insured results from his having engaged in the military service as in Benham v. American Central Life Ins. Co., 140 Ark. 612, 217 S. W. 462; Boatwright v. American Life Insurance Co., 191 Iowa 253, 180 N. W. 321; Long v. St. Joseph Life Insurance Co., 225 S. W. 106 (Mo.) ; Rex Health & Accident Insurance Co. v. Pettiford, 74 Ind. App. 507, 129 N. E. 248; Nutt v. Security Life Insurance Co. of America, 142 Ark. 29, 218 S. W. 675, and kindred cases cited by plaintiff.

Moreover, the view expressed in the above cases is by no means unanimous. Many authorities express a contrary view. Among these are Bradshaw v. Farmer's & Banker's Life Insurance Co., 107 Kan. 681, 193 Pac. 332; Mattox v. New England Mutual Life Insurance Co., 25 Ga. App. 311, 103 S. E. 180; Reid v. American National Assurance Co., 204 Mo. App. 613, 218 S. W. 957; Miller et al. v. Illinois Banker's Life Assn., 138 Ark. 442, 212 S. W. 310; Slaughter v. Protective League Life Insurance Co., 205 Mo. App. 352, 223

S. W. 819; Life & Casualty Insurance Co. v. McLeod, 9 C. C. H. Life Cases 222.

In view of the clear language of the policy it would manifestly be illogical to say that the policy would become void if the insured became engaged in battle, but not void if he entered the armed forces and did not take part in actual combat. We think that the contract must be construed as providing that it should automatically become void if the insured engaged in the military or naval service without the written consent of the president of the company, regardless of the manner in which his death was occasioned.

The question presented has, so far as we know, not been passed upon by either of our appellate courts. The only authority in this State, bearing upon the question, is Kieninger v. The Home Life Insurance Company of America, 3 D. & C. 111, which supports the views expressed in the authorities last above cited. Nor do we think it material that the insured "engaged" in the military service by virtue of being drafted rather than as a result of voluntary enlistment. We agree with the conclusion reached by Judge Martin in Kieninger v. The Home Life Insurance Co. of America, supra, that the word "engaged" is employed "to signify entry into or participating or taking part in".

In Ruddock v. Detroit Life Insurance Co., 177 N. W. 242 (Mich.), it was contended that as the insured entered the Army by conscription and not voluntarily, he had not "engaged" in the service within the prohibition contained in the policy. The court held, however, that the insured was in the military service when he passed the examination, took the oath and was enrolled as a soldier, and having been inducted he became "engaged" in the military service. In Bradshaw v. Farmer's & Banker's Life Insurance Co., supra, a similar conclusion was reached. We are, therefore, constrained to the opinion that the policy sued upon

terminated when the insured entered the military service, and that thereupon, under the terms of the contract, defendant's liability became limited to the reserve thereunder.

In accordance with the terms of the case stated, judgment is directed to be entered in favor of plaintiff for $43.18, with interest from August 19, 1943.