KELLY, Administratrix, Respondent, vs. FIDELITY MUTUAL
LIFE INSURANCE COMPANY OF PHILADELPHIA, Ap-
pellant.    *April 5—April 29, 1919.*

*Insurance: Condition subsequent: Military service: Construction of
policy: Limitation of liability: Construction against insurer.*

1. A provision in a life insurance policy limiting the liability of the
insurer to the return of premiums if the insured engaged in
military service and died as a result thereof, directly or indi-
rectly, does not limit liability for all deaths in the military ser-
vice, but only for such as are due to some cause peculiar to the
service, and the beneficiary can recover the full amount for
the death of the insured in a motorcycle accident while he was
in the military service, far behind the firing lines.
2. All conditions or exceptions limiting the liability of an insurer
must be construed most strongly against the insurer, who pre-
pared the contract and for whose benefit they were inserted.

APPEAL from an order of the circuit court for Douglas
county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

Demurrer.    It appears from the complaint that on March
24, 1916, the defendant issued to the plaintiff's intestate a
certain policy of insurance upon the life of said intestate in
the sum of $10,000.    The following provisions were con-
tained in the application, which formed a part of the policy:

"*Military or naval service or work in connection with war-
fare.*    If the insured shall, within two years from date of
this policy, engage in any military or naval service, or in any
work as a civilian in any capacity whatsoever in connection
with actual warfare, and shall die within two years of the
date of this policy as a result, directly or indirectly, of engag-
ing in such service or work, the liability of the company un-
der this policy shall be limited to the return of the premiums
paid, without interest."

In the summer of 1917 plaintiff's intestate, one John
George Kelly, enlisted in the military forces of the United
States, was thereafter transferred to France, and while sta-

tioned at a point more than 100 miles from the zone of actual warfare and a like distance from any territory occupied or invaded by the enemy, and while as a part of his military duties being engaged in supervising the construction and operation of sawmills, was accidentally killed while riding a motorcycle. While in the discharge of his duties and while going from one mill to another his motorcycle skidded, throwing him against a tree, resulting in his death. The complaint alleged that his death was not caused by any act of the enemy and that at the time of his death the deceased was not bearing arms or side-arms. It further appears that the provision above quoted was not a part of the policy as originally printed and that the clause was printed and put in the policy referred to as a modification of the following conditions therein contained: "There are no restrictions under this policy as to residence, travel, occupation, or military or naval service." There were other allegations in the complaint, not material to a consideration of the questions raised here. Defendant demurred to the complaint, the demurrer was overruled, and from an order overruling the demurrer the defendant appeals.

For the appellant there was a brief by *Grace & Fridley* of Superior, and oral argument by *C. R. Fridley.*

For the respondent there was a brief by *Luse, Powell & Luse* of Superior, and oral argument by *L. K. Luse* and *C. Z. Luse.*

ROSENBERRY, J. The defendant admits that it is liable upon the policy to the extent of the premiums paid, but claims it is not liable for the full amount of the policy. It is admitted that at the time of his death the insured was engaged in the military service of the United States. The crucial question is, Did the insured die as a result, directly or indirectly, of engaging in the military service?

Having in mind the ordinary rule that all provisions, con-

ditions, or exceptions which tend to limit the liability of the insurer should be construed most strongly against the party preparing the contract and for whose benefit they are inserted *(French v. Fidelity & C. Co.* 135 Wis. 259, 115 N. W. 869), it is clear that the insurer did not intend by the language used to except from the policy death of the insured while in the military or naval service.    The language used is not apt to express such an intention.  The policy does not say that recovery shall be limited to the return of premiums paid if death shall occur while the insured is engaged in the service or work described, but the limitation applies only to death which occurs "as a result, directly or indirectly, of engaging in such service."    While it is true that at the time the policy was written this country was not engaged in war, nevertheless the world war was then being carried on, and no doubt the clause was inserted by reason of the fact that persons insured might thereafter become engaged in military service.    The limitation applies not only to the military or naval service of the United States but to that of any country. We think it is clear that the language was used for the purpose of limiting the liability to the return of the premiums in cases where death resulted directly or indirectly from some cause peculiar to the military service and one not common to military service and civilian life.    The deceased came to his death by reason of an accident while riding a motorcycle under circumstances which were not in any way peculiar to the military service.    Civilians are killed almost daily under similar circumstances.    The hazards attendant upon riding a motorcycle under the facts set out in this case were no greater because the insured was engaged in the military service of the United States than if he were performing a like act as a civilian and apart from the military service.    In other words, his death resulted from circumstances which are common to military and civil life.    If this is not the meaning of the clause, it is difficult, if not practically impos-

sible, to ascribe any meaning to it, unless it be held that the fact that the deceased engaged in the military service operated as a limitation upon the liability of the insurer. Such a construction cannot be placed upon the clause for the reasons stated. We think this case is clearly distinguishable from *Coxe v. Employers' L. A. Corp.* [1916] 2 K. B. 629.

*By the Court.*—Order affirmed.