LENA MYLI, Respondent, v. AMERICAN LIFE INSURANCE COMPANY OF DES MOINES, IOWA, a Corporation, Appellant.

(175 N. W. 631.)

**Insurance — provision as to military service does not apply where death not occasioned by extra hazard.**

In an action upon an insurance policy where it appeared that the insured had enlisted in the Navy Department during the recent war, and had been assigned to Dunwoody Institute, in Minneapolis, for instruction and training, and while so assigned had contracted influenza, from which he died after a brief illness in the city hospital at Minneapolis, the insurance company defended on the ground that the insured had not obtained a permit under the following clause of the policy: "If, within five years from date hereof, the death of the insured shall occur while engaged in military or naval service in time of war without previously having obtained from the company a permit therefor, the company's liability shall be limited to the cash premiums paid hereon for the three years from date of issuance, and thereafter to the legal reserve on this policy."

It is *held:*

1. In view of the other provisions of the policy with respect to double indemnity for accidental death and disability benefits, the above quoted provision does not exempt from liability for the face of the policy where the death of the insured was not occasioned by extra hazard incident to military or naval service.

NOTE.—On validity, construction, and effect of provisions in life or accident policy in relation to military service, see notes in 4 A.L.R. 848, and 7 A.L.R. 382.

**Insurance — conflict between different clauses of policy — how construed.**
 2. Where a repugnancy exists between different clauses of an insurance policy, the whole should, if possible, be construed so as to conform to an evident, consistent purpose.

**Insurance — where status or occupation not clearly basis for exemption — forfeiture avoided where no extra hazard shown.**
 3. Where status or occupation are not clearly made the basis for exemption from liability under an insurance policy, and where the language employed indicates a desire to provide only against extra hazard, to avoid forfeiture of the insurance, the policy will be construed to the latter effect.

Opinion filed November 17, 1919. Rehearing denied December 8, 1919.

Appeal from District Court, Cass County, *A. T. Cole,* J.
Affirmed.

*E. B. Evans* and *Carmody, Louden, & Mulready,* for appellant.

A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful. Comp. Laws, § 5896; Young v. Metcalf Land Co. 18 N. D. 441, 122 N. W. 1101; Miller v. St. Paul F. & M. Ins. Co. 26 S. D. 454, 128 N. W. 609; Fletcher v. Arnett, 4 S. D. 615, 57 N. W. 915; Frost v. Williams, 2 S. D. 457, 50 N. W. 964.

Language must be followed when clear and explicit. Strunk v. Smith, 8 S. D. 407, 66 N. W. 926; Washabaugh v. Hall, 4 S. D. 168, 56 N. W. 82.

Written contract to be interpreted from its own language if possible. Roberts v. Minn. Thresh. Mach. Co. 8 S. D. 579, 67 N. W. 607; Comp. Laws 1913, §§ 5898, 5899, 5901, 5903, 5905.

"To determine the intention of the parties, if the meaning is not clear, it is necessary that regard shall be had to the nature of the instrument itself, and the objects which they had in view, for which purpose parol evidence is admissible." 9 Cyc. 587, 588; Moore v. Beiseker, 147 Fed. 367.

The insured, Hiram I. O. Myli, while at the Dunwoody Institute, was in the naval service of the United States. Miller v. Ill. Bankers Life Asso. 212 S. W. 310; United States v. Grinley, 137 U. S. 147, 11 Sup. Ct. Rep. 54; Ex parte Reed, 100 U. S. 538; United States v. Nagler, 252 Fed. 217.

*Harry Lashkowitz* and *Barnett & Richardson,* for respondent.

"If there is anything uncertain it is the right of the insured to enjoy the most favorable rule of construction." Welts v. Company, 48 N. Y. 34; Union Co. v. Hughes (Ky.) 60 S. W. 850.

Stipulations and conditions in the policy are to be so construed, if possible, as to avoid forfeiture and afford indemnity.—Forfeitures are not favored in the law, and the courts are always prompt in seizing hold of any circumstances that will indicate an election to waive. Beauchamp v. Ins. Co. (N. D.) 165 N. W. 545; Schwinderman v. Co. (N. D.) 165 N. W. 982; Pulaski v. Woodman, 174 N. Y. Supp. 298; Donahue v. Company (N. D.) 164 N. W. 50.

The insurance company, through its agent Stark, had full knowledge of the fact that the deceased was at Dunwoody Institute. This fact being known to Stark, his knowledge would be held to be the knowledge of the company. Teutonia Co. v. Howell (Ky.) 54 S. W. 852; Germania Co. v. Keeller (Ill.) 48 N. E. 297; Harding v. Society (S. D.) 71 N. W. 755; Fosmark v. Association (S. D.) 120 N. W. 777; Thomas v. Brotherhood (S. D.) 127 N. W. 572.

BIRDZELL, J. This is an appeal from a judgment in favor of the plaintiff and from an order denying a motion to vacate and to order judgment in favor of the plaintiff for a lesser amount. The action is one to recover the face of a life insurance policy. The defense is that by reason of a provision in the policy the liability of the defendant was limited to $68.30, the amount of premiums previously paid by the insured.

On October 30, 1917, a policy of insurance in the sum of $2,000 was issued by the defendant company to Hiram I. O. Myli, in which Lena Myli, his mother, the plaintiff in this action, was sole beneficiary. On or about June 19, 1918, the insured enlisted in the United States Navy and was required to attend Dunwoody Institute, in Minneapolis, for training. The institute was at the time under the control of the United States Naval Department, and it furnished technical and other instruction to enlisted men after the fashion of ordinary colleges. There were also some requirements as to drill and physical culture. After a brief illness of influenza, the insured died on October 7, 1918, in the city hospital at Minneapolis. At the trial of the action the court directed a verdict for the plaintiff, and the defendant appeals.

43 N.-D.—32.

Upon this appeal the principal contention of the defendant and appellant concerns its liability under the policy. It contests liability for the face of the policy, on the ground that by express provision it was stipulated that its liability should not exceed the cash premium paid if the death of the insured should occur while he was engaged in naval service. The language of the policy upon which this contention is based is as follows: "If, within five years from date hereof, the death of the insured shall occur while engaged in military or naval service in time of war without previously having obtained from the company a permit therefor, the company's liability shall be limited to the cash premiums paid hereon for the three years from date of issuance, and thereafter to the legal reserve on this policy."

The argument is that the above provision reduces liability to a return of the premium in this case, by reason of the fact that the insured was at the time of his death an enlisted man in the naval service. It is contended that the effect of the provision is to automatically cancel the life insurance stipulated in the policy the moment the policy holder becomes enlisted or inducted into the military or naval service without having previously obtained a permit therefor, and without complying with whatever provisions (not named in the policy) the company might wish to require concerning additional premiums, as against this contention the respondent asserts that it is the evident purpose of the stipulation to provide only against the consequences of extra hazard incident to actual service in connection with hostilities.

Before the harsh construction in the direction of forfeiture can be supported, it must be found to result necessarily from the provisions of the policy. The policy must be read in the light of the obvious purpose of the particular provision, and it must be found that the exemption falls clearly and directly within its terms. It seems clear to us, upon a view of the whole policy and the evident purpose underlying the particular stipulation, that the circumstances of this case do not bring the defendant within the exemption contracted for.

This policy is more than the usual life insurance policy. It provides for the payment of $2,000 upon the death of the insured "or $4,000 in the event of the death of the insured . . . while this policy is in full force, by bodily injury effected exclusively by external, violent, and accidental means, not including death by self-destruction, sane or

insane, *nor resulting from military or naval service in time of war,* and occurring within ninety days after such bodily injury."

The policy also provides, under the head of "Risks Not Assumed," that it is issued without restrictions as to residence, travel, or occupation, "except military or naval service in time of war as provided herein," and that, subject to the restriction for military or naval service in time of war, the face value shall be incontestable after two years; also that "the double indemnity benefit contained in this policy shall be contestable after two years from the date of issuance only for military or naval service in time of war," etc.

Besides the double indemnity feature, the policy also contains a disability feature; and in the paragraph defining the disability protection it is stated that after the payment of one annual premium, and while the policy is in full force, the company, upon receipt of proofs of disability, will pay certain stipulated benefits. The injuries excepted, for which benefits will not be paid, are stated as follows: "Excluding intentional, self-inflicted injuries, or injuries *resulting from military or naval service in time of war."* There are further stipulations for a reduction of the annual premiums to the extent of $1.40 per thousand dollars if the insured shall elect to cancel the disability protection, and $2 on each thousand if the insured shall elect to cancel the double indemnity protection.

From the foregoing provisions it is apparent that the insurance company did not stipulate for nonliability, under either the double indemnity or disability clauses of the policy, for injuries to the insured or for accidental death while his status was that of an enlisted man. For these clauses specifically provide for nonliability for the double indemnity, and the disability benefit only in case the injury or death *results from* military or naval service in time of war. If the appellant's contentions are correct with respect to the meaning of the clause particularly relied upon, the situation would be this: If an enlisted man should die from some cause not attributable to war, the insurance would not be collectable. But if, while walking down the street, he should meet with an accident not attributable to the extra hazard of war, he would be entitled to his disability benefits, or if he should meet accidental death the beneficiary would be entitled to double indemnity.

It will be seen that if the construction of the appellant be followed

there is a repugnancy on the face of the policy between the provision relied upon and the provision concerning double indemnity in case death results from accidental means not "resulting from" military or naval service. The repugnancy is this: A double indemnity is provided for in case of accidental death, provided that such death does not *result from military or naval service* in time of war; and in the clause relied upon by appellant, as construed by it, no insurance is provided in case death *shall occur while* the insured is "engaged in military or naval service in time of war." If an enlisted man should meet death by accidental means not attributable to military or naval service, the double indemnity would be payable under the double indemnity clause, but under the clause relied upon it would also be true that his death occurred while his status was that of an enlisted man in time of war, and the death loss would not be payable.

The other provisions of the policy respecting the extra hazard of war service appear to be based upon the same foundation as the total indemnity provision. They except from liability for injury or accident only where occasioned by the extra hazard. The whole policy should be read together so that its provisions may be reconciled to a consistent purpose. Especially should this be done where the main purpose is evident and is one which accords with reason. It would indeed be a peculiar situation under which a person who has *life insurance* has double indemnity in case of death by accident and no indemnity in case of death from natural causes. This situation is rendered none the less peculiar by reason of the fact that, upon obtaining the permit, the exception provided in the double indemnity and disability clauses would still obtain, because a repugnancy arises and does exist, as explained above, upon the failure to obtain a permit.

Reading the whole policy, we deem the intention of its various provisions with regard to the restrictions concerning military or naval service to be clear. The express intention does, in reality, conform to the purpose of the provision as stated in the deposition of an officer of the company, namely, to except the policy from applying where the insured has come to his death from a hazard connected with military or naval service. In short, the status of the insured is not made the test, but the character, of the service. . The important words in the clause relied upon, and these which signify its correlation with the other provisions here-

inbefore referred to, are "while engaged in military or naval service." These words are descriptive of two forms of hazardous service that are not intended to be covered, and it is only while the insured is engaged in such service that the exemption is applicable. It is idle to say that because one's status is such that he must respond to orders from military or naval authority, he is in military or naval service within such a provision, when in fact there is nothing about his daily activities that suggest the least physical danger that would enhance an insurance risk.

It would be highly unreasonable to assume that it was intended to exempt from liability on the mere ground of status. In the first place, if status were to be made the test, language should have been employed to make it apparent that it was to be the test. For instance, it might well have been stated: "If within five years from date the insured shall enlist or become inducted into the military or naval service without having obtained a permit therefor," etc., then status would clearly have been the test. In the late war we know that many men were inducted into the service and assigned to special duties for which they were fitted by training, and which involved no hazard peculiar to military or naval service. Also that many who were capable of receiving special technical training were assigned to institutions capable of giving that training, so that they might later on be better equipped for more highly specialized service in conducting actual hostile operations; and that, while receiving that training, they were not subjected to the hazards of war. There would be no reason for such persons to assume that by so enlisting they rendered themselves liable to pay extra premiums on life insurance policies of this sort, or, failing to do so, to lose the benefit of their insurance.

On the question of the proof that the insured came to his death while subjected to the hazard of naval service, it is clear that such is not the case. He was in an inland city, and not subject to any risks not common to civilians with whom he was constantly associated. Neither do we deem the exclusion of the testimony of defendant's agents, with reference to the construction of the contract at the time the application was made, to be erroneous. By express stipulation the company refused to be bound by any construction placed upon the policy by its agent or agents, and from this it results that the conversations taking place between the insured and the agents of the defendant could not, as a matter of law, amount to a mutual construction of the contract by the parties,

and the provisions are not so doubtful that a court would be justified in following any construction the insured alone might have placed upon it.

For the foregoing reasons the judgment and order appealed from are affirmed.

## On Petition for Rehearing.

BIRDZELL, J. Appellant has filed a petition for rehearing in which emphasis is laid upon a portion of those provisions of the policy relating to double indemnity and disability. It is stated that these provisions are expressly made applicable only "while the policy is in full force and effect," and that in the instant case, if appellant's contention as to the meaning of the principal clause in controversy is correct, the policy would not be in full force and effect while a man was in military or naval service without a permit. *Ergo,* says the petitioner, the discussion in which the repugnancy is pointed out begs the question; for it first assumes that the policy "is in full force and effect." The learned counsel for the petitioner are apparently unmindful of the argument advanced by them in the brief in answer to the respondent's contention that the company had waived the benefit of the clause in question. The respondent argued that by the acceptance of the premium from the insured after his enlistment in the naval service, the company had waived the provision respecting limited liability during such service. Appellant's counsel asserted in the brief and strenuously argued (and we think correctly) that this did not constitute a waiver, for the insured had the right to pay the premiums "and continue the policy in force while he was in the naval service of the United States, notwithstanding the exemption of the company from liability," etc. It is our view that the policy was in force as the counsel for appellant originally argued, and that the repugnancy does exist as pointed out in the original opinion. It may be added that the petitioner's argument is clearly founded upon a misconception of the stipulation relied upon. The stipulation does not cancel the policy. It only provides what the *liability* shall be in case of the *death* of the insured while engaged in military or naval service without a permit. It does not purport to limit or create any exemption from liability for disability following accidents sustained by one in the military or naval service not resulting from such service. Then, to ac-

centuate the repugnancy previously pointed out, the policy says: "If the death of the insured shall occur during the period of total and permanent disability, then *the full amount of this policy, less the value of any indebtedness, shall be paid to the beneficiary."* It is clear that the disability benefit attaches before the exemption from liability for a death loss becomes operative.

If the disability and double indemnity provisions were not intended to be operative while the insured was in the military or naval service without a permit, it would seem that the policy, which expressly stipulates for stated reductions in the premium where the insured elects to cancel these benefits, would also be extended to cancelations automatically effected through entry into the military or naval service without a permit. The insurance company itself has apportioned the premiums to these risks, and why would it collect those portions of the premiums applicable to such risks from a man in military or naval service without a permit if it was not assuming the risks exactly as stated in the policy? And, as stated, the exemptions under these clauses are based upon death or injuries *resulting from* military or naval service in time of war.

The petition is denied.