ATKINSON, ADMINISTRATOR, v. INDIANA NATIONAL
LIFE INSURANCE COMPANY.

[No. 24,044.   Filed May 2, 1924.]

1. INSURANCE.— Ambiguous Policy.— Construction.— An insurance contract that, by reason of ambiguity of its terms, is capable of two reasonable interpretations, will be interpreted most favorably to the insured and against the insurer.   p. 568.

2. INSURANCE.— Life Insurance.— Contract.— Construction.— In Case of Doubt.—Limitation as to Military Service.—In case of doubt as to the meaning of an insurance contract, the courts favor that construction which will secure indemnity, especially when interpreting a limitation of the liability of the insurance company relative to military service.   p. 568.

3. INSURANCE.—Life Insurance.—Contract.—"Risk of Military Service."—Construction.—An insurance company which issued a policy containing a clause exempting the insurer from liability for risks of military service, held liable for the death of the insured while on a leave of absence from a military camp, after being inducted into the service, as he was not engaged in military service while on his leave of absence and was running no risk occasioned by the military service.   p. 569.

4. APPEAL.—Motion for New Trial.—Finding Contrary to Law. —Construction of Insurance Contract.—In an action on a life insurance policy which exempted the insurer from liability for the risks of military service, the only question being whether the insured, at the time of his death, was within the exemption clause, in which case, the plaintiff would only be entitled to recover the amount of the legal reserve on the policy, otherwise the full amount of the policy, the evidence consisting of an agreed statement of facts, the interpretation of the contract was a question of law for the court, and if the finding was erroneous, it was contrary to law, and the question was properly raised by a motion for a new trial on the ground that the finding was contrary to law.   p. 569.

5. INSURANCE.—Life Insurance.—Risks of Military Service.— Liability of Insurer.—An insurer was liable for the death of a

soldier while on a leave of absence from the military camp to which he had been assigned, although the policy contained a provision that "military service in time of war * * * is a *risk* not assumed under this policy", as the risk referred to was a risk occasioned by or incident to actual military service. p. 570.

From Warrick Circuit Court; *Marshall R. Tweedy*, Judge.

Action by Merrill Atkinson, as administrator, against the Indiana National Life Insurance Company. From a judgment for the plaintiff, for an unsatisfactory amount, he appealed to the Appellate Court. (Transferred to the Supreme Court under subdivision 1, §1394 Burns 1914.) *Reversed.*

*E. L. Boyd* and *George K. Denton*, for appellant.
*Charles E. Henderson*, for appellee.

TRAVIS, J.—Appellant administrator sues the appellee insurance company to recover the amount of the life insurance claimed to be due upon its policy, on account of the death of the insured. Appellee admitted liability to pay the policy for the amount adjudged to be due.

The question for consideration to decide the appeal is the interpretation of that part of the incontestable clause which has to do with the risk of military service assumed by the company in time of war.

The case was submitted to the trial court upon an agreed statement of facts, a narration of which, necessary for the understanding of the case, follows.

Appellee was a duly incorporated life insurance company under and pursuant to the laws of Indiana for the incorporation of legal reserve stock insurance companies. According to its policy, it insured the life of Ernest S. Atkinson against death on October 20, 1913, for $1,000 (one thousand dollars), payable to his mother, if living; otherwise to his estate. The insured survived his mother. In September, 1918, the insured

was inducted into the military service of the United States, and, after physical examination and having taken the oath of allegiance, the government sent him to the military camp in the State of California for military training to prepare him for active service on the battlefield of Europe in the war then existing between the United States and Germany and Austria-Hungary, by virtue of the declaration of Congress April 6, 1917. The United States engaged in actual hostilities in Europe in this war, and was so engaged when the armistice was signed by the opposing warring parties, November 11, 1918, at which time, armed hostilities were suspended and have never since been resumed, but no formal declaration of peace by the United States had been made. After having been inducted into military service, and while in the camp, the insured, on December 2, 1918, was granted a leave of absence and furlough, upon his application to his superior officer, until midnight of that day, "for the purpose of pursuing his own individual inclination, and not for the purpose of doing nor was he engaged in doing while on said leave, any military service for his government", although, upon such leave of absence, by the rules of such military service, the insured was subject to be recalled from such leave, and to have the same revoked at any time, and he was subject to military discipline during the time of such leave. After such leave was granted, insured, solely in pursuit of his own individual inclination, started for the Pacific coast on an autocycle, and while on his way, and away from the military camp on said day, he collided with an automobile; and was thereby injured, the result of which was immediate death. At the time of the collision, the insured was not performing any military service of any kind for the government of his allegiance, and death resulted wholly and solely from the collision. The insured had paid all pre-

miums as and · when they became due, and had performed all of the terms, conditions, and stipulations on his part to be performed, as defined in the insurance policy. The administrator, appellant herein, had furnished to the insurance company proof of death of the insured upon forms furnished by it.

That part of the life insurance policy which related to the risk of military service reads as follows: "After one year from the date of issue this Policy shall become incontestable if the premiums have been duly paid, except in case of self-destruction within two years, whether sane or insane, and except that military or naval service in time of war without a permit from the company, is a risk not assumed under this policy at any time; but the legal reserve hereunder will be due and payable in case of death while in such service." Before suit was begun, appellee offered and agreed to pay appellant the legal reserve upon the policy with interest, in the sum of $84.08, which was refused.

Appellant began this suit to recover the full amount insured, to wit: $1,000, no part of which had been paid or tendered by appellee. If appellant is entitled to recover the amount of the face of the policy, the amount so recovered should be $1,000, together with six per cent. interest per annum thereon from sixty days after proofs of death, made on the —— day of January, 1919. If, on the other hand, appellant is not entitled to recover the face of the policy under its terms and the facts herein agreed upon, the amount to be recovered by appellant is limited to the legal reserve with interest, in the sum of $84.08.

The finding of the trial court, based upon the agreed written statement of facts, was that appellant was entitled to recover the legal reserve on the policy with interest, which amounted to $84.08, the amount agreed upon, if the court found that appellant was not enti-

tled to the face of the policy, but only to the legal reserve. The finding was followed by judgment for appellant for $84.08.

Appellant contends that the plain meaning of the military clause is, that *the insurance company does not assume the risks of or incident to military service.* Appellee contends that the limitation intended by the military clause, is *one of the status of the insured* at the time of death, and not a limitation as to the cause of death. In support of its contention, appellee argues that the words "military service", or "in the military service", if not modified by some other words, such as the words *"engaged* in military service", or "in active military service", have uniformly been held to refer to the status of being in the military service, and refers to the case of *Miller* v. *Illinois Bankers' Life Assn.* (1919), 138 Ark. 442, 212 S. W. 310 as authority. The language of the limitation in the policy at issue in the case cited was: "It is expressly provided that death while in the service of the army  *  *  *  in time of war is not a risk covered," etc., which sentence is plainly different in construction from the one at bar. The language of the first part of the sentence of the military limitation before the court has to do with a *military service risk,* or a *risk of military service,* or a *risk incident to military service,* or a *risk occasioned by military service.* The second part of that part of the sentence relating to military limitation is incompatible with the first part, and if the position taken by appellee is to be confirmed, it is sufficient in its strength to control the other part of the sentence, thereby defining the first part of the sentence to mean *status* only; which, carried out logically, would mean to say, "The risk of death while in military or naval service in time of war without a permit reduces the liability of the company to the payment

to the beneficiary of the legal reserve only under this policy."

The possibility of such a construction of the meaning of the military service clause in the face of a denial of such construction by the appellee, declares its 1, 2. ambiguity. This very state of conjecture suggests the rule of law, long adhered to, that, in construing an insurance contract, which, by ambiguities, is capable of two reasonable interpretations, that interpretation will be adopted which is most favorable to the insured, and against the insurer. *Grant* v. *Lexington, etc., Ins. Co.* (1854), 5 Ind. 23, 61 Am. Dec. 74; *American Surety Co.* v. *Pangburn* (1914), 182 Ind. 116, 105 N. E. 769, Ann. Cas. 1916E 1126; *Ruddock* v. *Detroit Life Ins. Co.* (1920), 209 Mich. 638, 177 N. W. 242; *Liverpool, etc., Ins. Co.* v. *Kearney* (1900), 180 U. S. 132, 21 Sup. Ct. 326, 45 L. Ed. 460; *Glens Falls Ins. Co.* v. *Michael* (1905), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; 1 Cooley, Briefs on Insurance 633; 1 Joyce, Insurance (2d ed.) §209; *Schmidt* v. *German Mut. Ins. Co.* (1892), 4 Ind. App. 340, 344, 30 N. E. 939.

It is also a guiding rule in interpreting insurance contracts, that in case of doubt, the court favors the construction that will secure indemnity; and especially as to the interpretation of the limitation incident to military service, that construction will be adopted which is against the insurer and favorable to the insured. 1 Joyce, Insurance (2d ed.) §221, p. 586; *Malone* v. *State Life Ins. Co.* (1919), 202 Mo. App. 499, 213 S. W. 877; *Redd* v. *Am. Cent. Life Ins. Co.* (1918), 200 Mo. App. 383, 207 S. W. 74; *Kelly* v. *Fidelity Mut. Life Ins. Co.* (1919), 169 Wis. 274, 172 N. W. 152, 4 A. L. R. 845 (note); 14 R. C. L. §103, p. 926; 25 Cyc 740. In fact, all limitations in an insurance contract are construed most strongly against the insurer. *French* v. *Fidelity*

*& Casualty Co.* (1908), 135 Wis. 259, 115 N. W. 869, 17 L. R. A. (N. S.) 1011; *Kelly* v. *Fidelity Mut. Life Ins. Co., supra.*

The insured was running no *risk* occasioned by his military service at the time of his death; he was pursuing his own personal inclination, and was not

3. engaged in any military service while on his leave of absence, or at the time of his death. Appellee admits this by the undisputed evidence, set forth in the agreed statement of facts. The appellee .company hereby construes its own military clause, and that most unfavorable to itself, and in favor of full indemnity notwithstanding the limitation of liability by any manner of construction of the military clause.

The proposition of error is brought to this court by motion for new trial for the reasons that the finding is not sustained by· sufficient evidence, and is con-

4. trary to law. Appellee claims these causes for new trial present no question on appeal, for the reason that, as appellee interprets appellant's position, appellant complains that he should have had judgment for $1,000 and interest (the full indemnity) instead of $84.08, the amount of the legal reserve and interest. The basis of the amount found to be due appellant rests upon the interpretation of the policy. The trial court finds that appellant is entitled only to the legal reserve and interest. The trial court must find, if no more than inferentially, that insured was "engaged in military service for his government" while on his leave of absence, and that he was "performing military service for his government at the time of the collision", which collision was not the proximate cause of death. Such a finding is the antithesis of appellee's undisputed evidence (agreed statement of facts). This being the situation, the finding is not sustained by the evidence. The thing to be decided by the trial court was the mean-

ing of the military clause; the amount of money, whether, the full indemnity or the limited indemnity, was merely incidental to the real issue, and followed, as a matter of course, the decision of the real issue. The evidence being undisputed, the interpretation of the contract was a question of law, from which it follows that if the finding was erroneous, it is contrary to law. The error is properly before the court by virtue of the error assigned.

The first part of the sentence which seeks to limit liability, plainly limits such liability to risks incident to military service in time of war. It is the risk

5. relative to, or that may be occasioned by, military service, that appellee company seeks to guard against, and such a risk is an actual one incident to military service. The company assumes all risks of death not occasioned by military service. The decision is not sustained by sufficient evidence and is contrary to law.

The judgment of the trial court is reversed.

The trial court is directed and ordered to enter judgment for the appellant and against the appellee, for the sum of $1,000, with interest at the rate of six per cent. per annum from and after the —— day of January, 1919, and for costs.