MIDDLESEX COUNTY COURT OF COMMON PLEAS.

IRENE JORGENSEN, PLAINTIFF, v. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT.

Decided December 21, 1945.

For the plaintiff, *David I. Stepacoff.*

For the defendant, *Clifford I. Voorhees.*

KALTEISSEN, C. P. J. On August 3d, 1936, two policies of insurance were issued on the life of the late Wilbur A. Jorgensen, husband of the plaintiff. The plaintiff seeks to enforce payment under the accidental death benefit clause of each of the policies. The difference of opinion is with reference to the interpretation to be given the following, which appears under the accidental death benefit section of each of the policies, "no accidental death benefit will be paid if the death of the insured is the result of self-destruction, or while the insured is in military or naval service in time of war."

The late Wilbur A. Jorgensen was a corporal in the Military Police Corps engaged on town patrol at Bangalore, India, on October 18th, 1944, and while operating a motorcycle on patrol, an accident occurred, which resulted in his death.

Was the deceased "in military or naval service in time of war?" A person is in military service from the time he is sworn in. After he is inducted, his movements are definitely governed by others, and not by himself. This is certainly so while he is on active duty. The clause in the policy is unambiguous, and is definitely conditioned upon status; and not the nature of the deceased's activity.

There is no question but that all conditions or exceptions in a policy which tend to limit the liability of the insurer, should be construed most strongly against the party preparing the contract for whose benefit they are inserted, but it is a well settled rule that in construing an insurance contract, which by reason of ambiguities is capable of two reasonable interpretations, that interpretation will be adopted which is most favorable to the insured. However, there is also a well settled rule, that if the clause or clauses are plain and unambiguous, no construing would be necessary, and there could be no interpretation but one—they must be governed by the words used, and no interpretation can be written in. This is true when the clause or clauses are not open to more than one interpretation.

The insured, while not engaged in actual combat, was definitely according to the governmental reports, performing part of his duties riding a motorcycle on town patrol. There is therefore, a definite causal relation between the military service and his death. It is certainly most unlikely that the deceased would be in Bangalore, India, were it not for the fact that he was in military service.

Counsel for plaintiff and defendant has furnished the court with exhaustive and very helpful briefs. They discuss many of the cases that have been decided, and many of the cases cited are among the leading cases in point. The court feels that because of the clarity of the issue in the instant case, that it is unnecessary to mention the cases applicable to the points in issue in this opinion.

It is the court's opinion, after having carefully listened to the arguments of counsel and studied the briefs submitted, that the assured was "in military service in time of war," at the time of the accident, resulting in his death. Judgment is rendered in favor of the defendant.