ELEANOR D. LAURENDEAU *v*. METROPOLITAN LIFE

INSURANCE COMPANY.

(71 A2d 588)

January Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and BLACKMER, JJ.

Opinion filed February 7, 1950.

*John H. Webster* and *P. C. Warner* for the plaintiff.

*Guy M. Page* for the defendant.

CLEARY, J.   This is an action of contract brought by Eleanor D. Laurendeau of St. Albans, Vt., the surviving widow and beneficiary named in a life insurance policy of Harry D. Laurendeau, against the Metropolitan Life Insurance Company.   Laurendeau

entered the military service of the United States in time of war on April 7, 1943, and was killed on October 10, 1944, by being thrown from an automobile while on a pleasure trip and while on a ten day furlough.

The life insurance policy is dated February 26, 1937. It included a supplementary contract for double indemnity for accidental death provided "that death shall not have occurred while the insured is in the Military or Naval service in time of war." The supplementary contract called for an additional premium and stated that the insurance under the supplementary contract "shall be suspended while the insured is in the Military or Naval service in time of war, in which event that portion of the additional premium received by the company but unearned during the period of such suspense shall be refunded." It also stated "no change in, addition to, waiver or permit under this supplementary contract shall be valid unless endorsed hereon and signed by an authorized Officer of the Company." The policy contained the following provision, "Agents:—No agent is authorized to waive forfeitures, to alter or amend this policy."

After Laurendeau entered the military service premiums including those payable by the terms of the supplementary contract were paid to authorized agents of the defendant company by virtue of an "Agent's Agreement" and letter entitled "Appointment of Agent" attached thereto. That letter stated "You are not authorized to make, alter or discharge the Company's contracts:—or to bind the Company in any way not specifically authorized in writing by an officer of the Company." The premiums were accepted by the defendant company without direct knowledge by its officers that Laurendeau had entered the military service. This information was acquired by such officers after Laurendeau's death and the company thereupon offered to refund the premiums paid, under the provision of the accidental death benefit rider, which accrued after Laurendeau entered the military service.

The case was heard by the court and, after findings of fact were filed, the court gave the plaintiff judgment for single indemnity which was paid and accepted without prejudice by stipulation. The case is here on the plaintiff's exception to the judgment order and to the exclusion of certain evidence, all turning upon whether the plaintiff is entitled to recover 'the double indemnity benefit of the policy.

The plaintiff argues that the defendant is liable for double indemnity because the phrase "while the insured is in the Military or Naval Service in time of war reasonably construed, means while the insured is engaged in such service and where the cause of death was not the result of military service" and cites *Boatwright* v. *American L. Ins. Co.*, 191 Iowa 253, 180 NW 321, 11 ALR 1085; *Gorder* v. *Lincoln Nat. L. Ins. Co.*, 46 ND 192, 180 NW 514, 11 ALR 1080; *Myli* v. *American L. Ins. Co.*, 43 ND 495, 175 NW 631, 11 ALR 1097 (but see *Olson* v. *Grand Lodge,* 48 ND 285, 184 NW 7, 15 ALR 1270); *Kelly* v. *Fidelity Mut. L. Ins. Co.,* 169 Wis 274, 172 NW 152, 4 ALR 845; *Atkinson* v. *Indiana Life Ins. Co.,* 194 Ind 563, 143 NE 629; *New York Life Ins. Co.* v. *Hendren,* 24 Gratt (Va) 536; and *Jorgenson* v. *Met. L. Ins. Co.,* 24 NJ Mis. 22, 44 A2d 907.

Both the Boatwright case, *supra,* and the Myli case, *supra,* were against the American L. Ins. Co. and contained an identical policy provision limiting liability to premiums paid if "death of the insured shall occur while engaged in the military or naval service in time of war."

In both cases the insured died of influenza while in a naval training station. In the Boatwright case the court held that the insured was not engaged in the naval service at the time of his death and said that the Myli case was squarely in point. But the Myli case decision was based on repugnancy of the above quoted provision with other provisions of the policy and on the testimony of an officer of the defendant company that the purpose of the quoted provision was to except the policy from applying where the insured has come to his death from a hazard connected with military or naval service. The court said "the status of the insured is not made the test, but the character of the service."

The opinion in the Gorder case, *supra,* was written by the same judge as in the Myli case. In the Gorder case the policy limited liability if death occurred in consequence of military or naval service and the court held the question was one of fact and the insurance company had failed to establish the necessary facts.

*Olson* v. *Grand Lodge,* 48 ND 285, 15 ALR 1270 is another North Dakota decision. There the policy and laws of the Lodge limited liability if the insured "engaged in military service in time of war", "engaged in the occupation of a soldier in time of war", and "entered the service of our United States Army." The plain-

tiff relied on the Myli and Gorder cases. The court reviews these decisions and states that because of the provisions in their policies the character of the service and not the status was the test. But in the Olson case the court held the provisions fixed, and were intended to establish, the status of the insured, and not the character of the service, as the test of the restriction of liability and gave judgment to the defendant.

The policy in the Kelly case, *supra,* provided for limited liability if the insured die as the result, directly or indirectly, of engaging in any military or naval service or any work in any capacity whatsoever in .connection with actual warfare. The court says "it is clear that the insurer did not intend by the language used, to except from the policy death of the insured while in the military or naval service" and held "that the language was used for the purpose of limiting the liability to the return of the premium in cases where death resulted, directly or indirectly, from some cause peculiar to the military service, and one not common to military and civilian life."

In *Atkinson* v. *Indiana L. Ins. Co.,* 194 Ind 563, 143 NE 629, the policy stated that "Military or naval service in time of war without a permit from the company is a risk not assumed under the policy at any time." While in training camp insured was granted a leave until midnight, left camp on a motor cycle and was killed in a collision with an automobile. The court held that the accident was not a risk of military service.

The policy in *NY L. Ins. Co.* v. *Hendren, supra,* provided it would be void if the insured entered the military or naval service without the consent of the company. The court held that did not include a mere clerical occupation but only such service as would render the insured liable to duty as a combatant.

Plaintiff's citation of the Jorgenson case, *supra* is from the Court of Common Pleas. That case is also reported in 136 NJL 148, 55 A2d 2. The case involved a double indemnity exclusion clause precisely the same as the present case "while the insured is in military or naval service in time of war" and judgment was for the defendant in both the lower and Supreme Court.

So it will be seen that of the cases cited by the plaintiff those holding the insurance company liable all had the phrase "while engaged in" or "in consequence of" or "as the result of engaging in" military service except the Atkinson case *supra* which had the

phrase "risk not assumed" and the Hendren case *supra*. The policy in question here has none of these phrases and does not have a forfeiture clause as in the Hendren case. Obviously cases which turn upon language peculiar to them do not furnish precedents apposite to the instant case.

As a general rule, courts, in determining an insurer's liability under "war exception clauses" classify them as either "status" clauses or "result" clauses. In the present case the exclusion clause is of simple "status" type. The words "while in the Military or Naval service in time of war" are precise and are not ambiguous. They make no reference to any relation between this "service" and the cause of death; and it is significant that in other parts of the supplemental contract exclusion from coverage is stated in terms of death from specified causes, such as death as a result of suicide, as a result of travel by air, except in regular passenger service, as a result of participating in assault or felony, and as a result of poison gas or fumes. These contrasting terms of exclusion found in the immediate context add emphasis to the obvious fact that, as to war service, the exclusion from coverage is governed purely by status and not by the cause of death.

We have already said that the Jorgenson case, *supra,* involved precisely the same exclusion clause and is exactly in point. Two other cases are *Bending* v. *Met. L. Ins. Co.,* 74 Ohio App 182, 58 NE2d 71 and *Coit* v. *Jefferson St. L. Ins. Co.,* 28 Cal 2d 1, 13, 168 P2d 163, 168 ALR 673. The analysis of decisions of other courts in the last case cited is so complete that it makes further discussion and citations merely redundant.

The plaintiff claims that because Laurendeau was on furlough when he died it eliminated the effect of military service under the exclusion clause of the double indemnity contract. The terms of the contract furnish the criterion of liability; on principle and on precedent it is clear that one is in military service while on furlough. Laurendeau's furlough merely permitted him while still in the military service to absent himself for a certain time from his station. His status as a soldier was not changed. The following cases are exactly in point: *Bending* v. *Met. Life Ins. Co., supra;* *Life & Casualty Ins. Co.* v. *McLeod,* 70 Ga App 181, 27 SE2d 871; *Lindsey* v. *Life & C. Ins. Co.,* 70 Ga App 190, 27 SE2d 877; *Merchants Nat'l. Bk.* v. *Com. L. Ins. Co.,* 249 Ala 58, 29 S2d 350.

The plaintiff offered to prove that the company agents knew

that the insured was in the military service when they received the premiums and that Laurendeau had no knowledge of any restrictions in their authority or the nature of their agency "as tending to show knowledge of the agent acquired in the course of his duty, which can be and should be imputed to the Company, and that the legal effect of that would be a waiver or an estoppel, or both." She briefs her exception to the exclusion of the offer and cites *Jacobs* v. *Nat'l Acc. & Health Ins. Co.,* 103 Vt 5, 9, 151 A 565; *Kimball* v. *N. Y. Life Ins. Co.,* 96 Vt 19, 30, 116 A 119; *Royce* v. *Carpenter & Taylor,* 80 Vt 37, 46, 66 A 888; *Wilson & Williams* v. *Com. Union Assur. Co.,* 90 Vt 105, 110-111, 96 A 540 and *Bardwell* v. *Com. Union Assur. Co.,* 105 Vt 106, 114, 163 A 633.

The Jacobs case holds that a waiver is the relinquishment of a known right. In the case at bar the court found without exception being taken, that the defendant accepted the premiums without direct knowledge by the officers that Laurendeau entered the military service, that this information was acquired by such officers after Laurendeau's death and the defendant thereupon offered to refund the premiums under the provision of the policy.

The Kimball and Royce cases both hold that an essential element of estoppel is that the party invoking it was induced to act by it, and thus relying and induced did take some action. Here there was no such offer of proof. *Vinton* v. *Atlas Ins. Co.,* 107 Vt 272, 278, 178 A 909. The Vinton case also holds that an agent who has no authority to waive a policy provision has no power to estop the company by his acts or statements. Moreover, the offered evidence was not admissible to create an estoppel because it was not pleaded. An estoppel to be available must be pleaded, if, as here, the party relying upon it has an opportunity to plead it. Otherwise it is waived. *Nadeau* v. *Union Mut. L. Ins. Co.,* 109 Vt 508, 513, 1 A2d 735.

The Wilson v. Williams case and the Bardwell case cited by the plaintiff are based on the effect of notice to an insurer, through the knowledge of the agent who negotiated the policy, acquired at or before the time the policy was issued. In the present case there was no offer to bring the excluded evidence within this rule. The agents who were said to have known that the insured was in military service were acting to collect premiums and not in connection with the issuance of the policy. There was no evidence and no offer to prove that the agents ever knew that any part of the pre-

miums they collected arose from the contract affected by the exclusion clause.

The Wilson & Williams case and the Bardwell case involved forfeiture. The exclusion clause involved in the present case is not a provision for forfeiture but an exception from the risk. Our decisions have established that a waiver cannot operate to eliminate an exception from insurance coverage. A waiver may avoid a forfeiture but may not extend the insurance beyond the terms of the policy. *Beatty* v. *Emp. Liability Assur. Corp.*, 106 Vt 25, 32, 33, 168 A 919; *Mancini* v. *Thomas,* 113 Vt 322, 328, 34 A2d 105. There was no error in excluding the evidence under the offer made.

"While the general rule is that when the terms of a contract of insurance are ambiguous or fairly susceptible of two different constructions, that construction will be adopted that is most favorable to the insured, the rule is equally well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken in their plain, ordinary, and popular sense. * * * In the absence of fraud, negligence or bad faith, alleged and established, it is not the duty of the court to read into contracts conditions or limitations which the parties have not assumed. It is the duty of the court to construe contracts and not to make them for the parties." *Johnson* v. *Hdw. Mut. Cas. Co.*, 108 Vt 269, 277, 281, 282, 187 A 788, 792.

The language of the contract in dispute here is clear and unambiguous. It does not include double indemnity while the insured is in the military service in time of war but expressly excludes it. *Therefore the judgment below that the plaintiff recover only single indemnity was without error and is affirmed.*