## Lucille O'Daniell, Plaintiff-Appellee, v. Missouri Insurance Company, Defendant-Appellant.

### Term No. 59–M–15.

Fourth District.

November 3, 1959.

Released for publication February 15, 1960.

Feirich and Feirich, of Carbondale, for appellant.

Fletcher Lewis, of Murphysboro, for appellee.

PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff, as beneficiary under a life insurance policy, obtained a judgment against the insurer, based upon and enforcing a double liability provision in the policy. The sole question before this court is the proper construction of an exclusion clause, which read as follows:

"There shall be no liability on the part of the company under the double indemnity benefit of the policy if the death of the insured results from suicide while sane or insane or from submarine diving or aeronautic operations as a passenger or otherwise, or while the insured is in military or naval service of any country, or if any pre-existing ailment or disease contributes with the bodily injury to cause the insured's death."

On this appeal the defendant, Missouri Insurance Company, contends that the so-called military exclusion clause above quoted, relieves it from the double indemnity provision. There is no dispute as to the facts, it being stipulated that the deceased was in military service at the time of his death, but he was on furlough, and met his death while driving an automobile on a purely social mission personal to himself. The company paid the face amount of the policy, but refused to pay double that amount.

It may be observed the policy provides for a series of exclusions in case death results from certain causes, then, in the disjunctive, there is the exclusion: "Or while the insured is in military or naval service." This phrase cannot be attached to the preposition, "from,"

11

because there is no such English construction as this: "results from while in military service."

It appears to this court that "while in military service" is a plain and unambiguous exclusion of the double indemnity provision while the insured is in military or naval service, since that is exactly what it says. There are other exclusions which require a causal connection to become effective, but that can hardly justify a judicial finding that a plain and simple exclusion based on status has been made ambiguous.

Cases hereafter cited disclose that some policies provide for exclusion of the double indemnity while in military service, unless an additional premium is paid, others specifically state that, if the death is caused by or results from military service, it is excluded. This type of policy produces the most of the litigation for the reason that, unless the death occurs on the battle front, it is often very difficult to decide whether there was any causal connection between the service and the death.

There appears to be no precedent in a court of review of this state which construes a military exclusion clause, but such clauses have been the source of a great deal of litigation in other states, and the precedents are numerous. The case of Laurendeau v. Metropolitan Life Ins. Co., 116 Vt. 183, 71 A2d 588, contains an analysis of some of the cases and finds that there are two types of military exclusion clauses, which the court designates as "status" or "result" clauses. It was found that status clauses contain the phrase, "while in the military or naval service in time of war" or words of similar import; result clauses contain such phrases as "in consequence" or "resulting from" or "as the result of engaging" in military service.

The foregoing case is cited in defendant's brief, together with a list of cases in which the excluding

phrase was held to apply when the status of military service existed, regardless of causal connection, such as "if accidental death results while insured is in military service," Parrino v. Prudential Ins. Co. of America, 275 App. Div. 861, 89 NYS2d 245. "No such benefit shall be payable if such death results . . . while a member of the military, naval or air forces of any country at war," Saladino v. Prudential Ins. Co. of America, 188 Misc. 601, 68 NYS2d 35, app. dism. without opinion (App. Div.) 70 NYS2d 577. "While the insured is in the military or naval service in time of war," Bending v. Metropolitan Life Ins. Co., 74 Ohio App. 182, 58 NE2d 71.

Examples of "result" cases, in which it was held the exclusion of double liability did not apply unless the death was connected with military service, are the following: "engaged in any military or naval service in time of war . . . and dies as a result of such service," Malone v. State Life Ins. Co., 202 Mo. App. 499, 213 SW 877; "death caused directly or indirectly, wholly or in part, by war, riot or insurrection; or any act incident thereto, either on land or water; death resulting from any military or naval service." Smith v. Sovereign Camp W O W, 204 S. C. 193, 28 SE2d 808.

The foregoing and others of a similar wording are cited by plaintiff in support of the judgment. With one exception, all of the cases thus cited are clearly distinguishable from this case, in that the policies expressly limit the exclusion clause to a death that results *from* military service, rather than any death "*while in* military service."

The one exception which may appear to support plaintiff's theory is Atkinson v. Indiana Nat. Life Ins. Co., 194 Ind. 563, 143 NE 629 (1924). The occurrence in that case was precisely like the case at bar, but the policy exclusion was as follows: "except that military or naval service in time of war without a per-

13

mit from the company is a risk not assumed under the policy." The Supreme Court of Indiana held that the reference to the *risk* of military service indicated an intention to limit the exclusion to a death that was connected with military service.

The type of policy which limits the exclusion of double indemnity to a death resulting from military service, has produced a vast amount of litigation. It may be clear that the exclusion applies when death occurs on the battle front; it is equally clear it would not apply in a case such as this one. But, between these two extremes there have arisen an almost infinite variety of situations in which it is very difficult for the courts to arrive at a clear cut decision that the death did or did not, result from military service. Thus, there is good reason for the adoption of a general type of exclusion which omits any element of causation, and applies to a death while in military service.

The annotation on this subject in 36 ALR2d 1018, entitled "Insurance-Military Service Clause" covers 64 pages, and beginning on page 1042 there is a long list of cases involving status and result clauses. It is clear from this assembled authority that a simple phrase, "while in military service," is regularly interpreted to be a status clause, so that the cause of death is not material.

■ It is a principle of interpretation of the language of insurance policies that, if the language is ambiguous as applied to the facts, the construction will be adopted which favors the insured. River Valley Cartage Co. v. Hawkeye-Security Ins. Co., 18 Ill.App.2d 454, 152 NE2d 603.

■ That principle does not authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none ex-

14

ists. Pioneer Life Ins. Co. v. Alliance Life Ins. Co., 374 Ill. 576; Canadian Radium & Uranium Corp., v. Indemnity Ins. Co. of North America, 342 Ill. App. 456; Yadro v. United States Fidelity & Guaranty Co., 4 Ill.App.2d 477.

■ In view of the fact that an ambiguity must be resolved in favor of the insured, it seems that the court should not, as a first step, strain the meaning, or depart from ordinary English usage, for the purpose of creating an ambiguity, so as to bring into play the principle of favoring the insured.

■ It is the opinion of a majority of this court that the exclusion clause in question is plain and unambiguous, therefore, it should be given effect. Accordingly, the judgment of the circuit court is reversed.

Judgment reversed.

HOFFMAN, J., concurs.

CULBERTSON, J., dissents.