HELEN GUDEWICZ *vs.* JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY.

Bristol.    October 25, 1954. — December 1, 1954.

Present: QUA, C.J., LUMMUS, SPALDING, & WILLIAMS, JJ.

*Insurance*, Accident insurance; Life insurance: double indemnity.  *War.
Words*, "War."

Death of the insured under a policy of life insurance through an automobile accident in Virginia in June, 1951, when the insured was in the naval service of the United States, stationed in North Carolina, and was on an unexpired furlough, and the armed forces of the United States were engaged in conflict in Korea in defence of the Republic

of Korea against attack by North Korea, was excluded from double indemnity coverage of the policy for accidental death by reason of a provision excepting therefrom death occurring "while the insured is in military, naval or air service in time of war."

CONTRACT. Writ in the Third District Court of Bristol dated October 8, 1951.

Upon removal to the Superior Court, the action was heard by *Warner*, J., who reported it without decision on a case stated.

*Leonard E. Perry*, (*William B. Perry, Jr.*, with him,) for the plaintiff.

*Cecil H. Whittier*, for the defendant.

LUMMUS, J. On October 22, 1948, the defendant issued a policy for $10,000 on the life of Tadeusz Gudewicz, the son of the plaintiff. The plaintiff was named as beneficiary. The policy provided for an additional benefit of $10,000, for death caused directly by a bodily injury sustained solely by external, violent, and accidental means, if death occurred within 90 days after such injury, and such injury was evidenced by a visible wound or contusion. But the additional benefit was not to be payable "if such death occurs while the insured is in military, naval or air service in time of war, whether such war be declared or undeclared."

On June 25, 1951, the insured died in Virginia through an injury in an automobile accident which was within the provision for additional benefit except for circumstances to be stated. At the time of his death the insured was in the naval service of the United States, stationed in North Carolina, and was on an unexpired furlough. The defendant paid the principal sum of $10,000, but refused to pay the additional benefit.

Before the death of the insured the United States navy was engaged in battle in Korea for the purpose of repelling an attack by North Korea upon the Republic of Korea and thus of performing the obligation of the United States under the charter of the United Nations, and had suffered thousands of casualties.

The only question is, whether the death of the insured occurred "while the insured is in military, naval or air service in time of war, whether such war be declared or undeclared." The Superior Court reported the case, which was presented on a case stated, without making any decision.

The fighting in Korea was not preceded or accompanied by any declaration of war. But that has been true of many wars. In a policy of insurance, the word "war" includes everything that ordinary people regard as war, and clearly includes a conflict between the armed forces of different nations under the authority of their respective governments. *Stankus* v. *New York Life Ins. Co.* 312 Mass. 366. *Langlas* v. *Iowa Life Ins. Co.* 245 Iowa, 713.

Under the policy, the defendant escapes liability if the insured was in the naval service when he died, although his death was not the result of his service. *Laurendeau* v. *Metropolitan Life Ins. Co.* 116 Vt. 183. *Western Reserve Life Ins. Co.* v. *Meadows*, 152 Texas, 559. *Feick* v. *Prudential Ins. Co.* 1 N. J. Super. 88. *Jorgenson* v. *Metropolitan Life Ins. Co.* 136 N. J. L. 148. *Trimble* v. *Western & Southern Life Ins. Co.* 83 Ohio App. 102. *Life & Casualty Ins. Co.* v. *McLeod*, 70 Ga. App. 181. *Ruddock* v. *Detroit Life Ins. Co.* 209 Mich. 638. Death while on furlough is none the less death while in service. *Trimble* v. *Western & Southern Life Ins. Co.* 83 Ohio App. 102. *Bending* v. *Metropolitan Life Ins. Co.* 74 Ohio App. 182. *Life & Casualty Ins. Co.* v. *McLeod*, 70 Ga. App. 181.

*Judgment for the defendant.*