ANNA ZACCARDO *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE CO.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 87457

Memorandum filed July 18, 1956.

*Frank J. Carr* and *J. Gerard Tobin,* both of Greenwich, for the plaintiff.

*Marsh, Day & Calhoun,* of Bridgeport, for the defendant.

MURPHY, J. The plaintiff, beneficiary under a life insurance policy upon the life of her son Louis, seeks to recover under the double indemnity clause for accidental death. The defendant has paid the principal sum but has refused to pay double indemnity because Louis' death occurred while he was in military service in time of war.

Louis died on August 21, 1951. His death resulted from the explosion of a jet airplane at Fort Dix, New Jersey. It was an accidental death. At the time, he was in military service in the United States army. It was during the period that our forces were engaged in the Korean conflict.

The policy contained an exclusionary provision which relieved the insurer from liability for the double indemnity "if the death occurs while the insured is in military, naval or air service in time of war, whether such war be declared or undeclared." The sole question is whether the Korean situation was a war, declared or undeclared.

While Congress never formally declared war in Korea, it has by implication recognized the existence of such a state by providing benefits for those who served in our forces after June 25, 1950, comparable to those provided for the veterans of both World Wars. The Connecticut legislature has likewise realistically placed the veterans of this undeclared conflict on a par with those who served in "declared" wars.

The Supreme Court of Massachusetts, in 1954 in *Gudewicz* v. *John Hancock Mutual Life Ins. Co.,* 331 Mass. 752, 754, held, under an identical exclusionary clause, that the insurer was not liable for double indemnity. In that case the insured's death did not arise out of any service connected incident, such as we have here.

"In a policy of insurance, the word 'war' includes everything that ordinary people regard as war, and clearly includes a conflict between armed forces of different nations under the authority of their respective governments." *Gudewicz* v. *John Hancock Mutual Ins. Co.,* supra; *Stankus* v. *New York Life Ins. Co.,* 312 Mass. 366, 368; *Langlas* v. *Iowa Life Ins. Co.,* 245 Iowa 713, 719. A state of war may in fact exist without a formal declaration. That was the state of affairs when the insured met his untimely and unfortunate death.

The exclusion in the contract relieves the defendant of liability under the double indemnity coverage.

Judgment for the defendant.